765 P.2d 687

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Carl Olaf KOCH, Defendant–Appellant.**

**No. 16765.**

Court of Appeals of Idaho.

Dec. 2, 1988.

Rehearing Denied Jan. 11, 1989.

Michael J. Wood, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Carl Koch was convicted by a jury of aggravated driving under the influence, a felony. I.C. § 18–8006. Koch raises four issues relating to the trial proceedings: whether the trial court committed reversible error in admitting into evidence the results of Koch's blood test; whether the jury was properly instructed as to the legal effect of Koch's blood alcohol concentration level; whether sufficient evidence supports the verdict of guilty; and whether the prosecutor's remarks in his rebuttal argument constitute reversible error. We affirm.

The record shows that, while at a friend's house and two bars, Koch consumed approximately 180 ounces of beer during the afternoon and evening of January 8, 1987. Koch's associates testified that by 8:00 p.m. he was staggering, stumbling and "getting pretty drunk." Around 10:30 p.m. Koch and a friend, Roger Labrie, left a bar and went for a ride in Koch's recently purchased car.

Just after 11:00 p.m. Koch's car left the roadway, smashed head-on into the bank of

a lateral ditch, flipped over and spun on its top back onto the roadway. Police and emergency medical personnel responded to the scene. Koch was found with his legs protruding from the driver's door window; his upper torso was pinned by the crushed metal. Some nearby people reached the scene first. They reported that Koch's legs were then not extending out the window. Labrie was found unconscious in the front seat passenger area. He was on his back, his buttocks protruding through the passenger side window, his legs were folded over his body with his feet towards the front seat and his right arm extended out through a gap in the windshield. Extrication equipment was required to remove Koch and Labrie. Members of the extrication team testified that they could not reach Labrie from the driver's side or from the back seat area due to the crushed roof. Labrie suffered severe head injuries. At trial, he was asked only three questions to establish that he had no memory of the accident. Koch did not testify at his trial.

Koch was injured only slightly. While being treated at the scene and at the Magic Valley Regional Medical Center, Koch voluntarily made statements to the effect that he was the driver and that he "shouldn't have been driving." He also exclaimed: "If I've killed him, I'll kill myself." Koch gave his consent to the withdrawal of a blood sample for a blood alcohol test. A medical technician drew the blood sample. The technician then prepared a portion of blood serum from Koch's blood sample for testing in the hospital's automatic chemical analyzer (A.C.A.). The A.C.A. indicated a .195 percent blood alcohol concentration. The printout of the test result was admitted into evidence at trial. The technician testified that the blood serum testing produced a result ten percent to fifteen percent higher than a test performed on whole blood. Thus, the corresponding whole blood figure would have been approximately .16 percent.

I

Koch contends the state failed to establish a proper foundation for the blood alcohol test result; namely, the state failed to satisfy the requirements of authentication and identification under I.R.E. 901. The assignment of error is six-fold: (1) the blood sample was not shown to have been withdrawn in a proper manner; (2) the blood sample was not shown to have been properly processed for testing; (3) the A.C.A. was not shown to operate on the basis of accepted scientific principles; (4) the hospital's A.C.A. was not shown to be in proper working order; (5) the blood serum test was not shown to conform to the Department of Health and Welfare's regulations; and (6) the hospital's laboratory was not shown to be certified and approved by the Department of Health and Welfare. However, at trial Koch objected to evidence of the blood alcohol test result only upon the last three of these grounds.

In general, appellate review of trial court rulings on evidence is controlled by I.R.E. 103. Rule 103 provides that error may not be predicated upon a ruling which admits evidence unless a substantial right of the party is affected, and a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context. However, the rule allows an appellate court to review "plain error" absent an objection. I.R.E. 103(d). The term "plain error," when applied to a criminal case, is intended to embody the concept of "fundamental error"—that is, error which so profoundly distorts the trial that it produces manifest injustice and deprives the accused of his constitutional right to due process. See generally REPORT OF THE IDAHO STATE BAR EVIDENCE COMMITTEE, C 103 at 4 (4th Supp.1985). In our view, the errors now claimed by Koch, but not specified as grounds for his objection at trial, do not rise to the level of "fundamental" errors. Accordingly, we will not address them.

We now turn to the grounds for objection asserted below and properly preserved on this appeal. Koch first argues that the A.C.A. used by the hospital was not shown to be in proper working order. The evidence, however, shows the machine

satisfactorily passed a calibration check about six months prior to the test here. No evidence was produced indicating the machine malfunctioned or gave unreliable results. Absent such indications, a reasonable span of time between a calibration check and a test alone may simply affect the weight of the test result but not its admissibility. *See State v. Hartwig,* 112 Idaho 370, 732 P.2d 339 (Ct.App.1987).

■ Koch also insists that the test result was inadmissible because the test was conducted on blood serum rather than on whole blood as required by the Department of Health and Welfare. This argument indicates a misunderstanding of the pertinent statute and regulation. Idaho Code § 18–8004(4) provides that "an evidentiary test for alcohol concentration shall be based upon *a formula* of grams of alcohol per one hundred (100) cubic centimeters of blood...." (Emphasis added.) Like wording is found in the Department of Health and Welfare's regulation on forensic alcohol examinations. IDAPA 16.02.7003,11 (1983). Thus, although the blood alcohol test must yield a result that can be expressed in terms of whole blood, nothing in the statute or regulation prohibits testing the blood serum. Here, the serum was tested and the numerical result (.195 percent) was set forth with a conversion factor for whole blood, allowing the trier of fact to determine that the whole blood figure was approximately .16 percent. We hold that this methodology was permissible.

■ Finally, Koch challenges the sufficiency of the foundational proof showing that the hospital's laboratory was certified and approved by the Department of Health and Welfare. Again, I.C. § 18–8004(4) provides that the analysis of blood for determining blood alcohol concentration "shall be performed ... by a laboratory approved by the Idaho department of health and welfare under the provisions of approval and certification standards ... [set by the department.]" Following the calibration check in July 1985, the hospital received a letter from the Department of Health and Welfare continuing its approval for the hospital's laboratory. This letter was ad-mitted into evidence. By regulation, the Department provides, on a yearly basis, continuing approval to laboratories which meet its standards. IDAPA 16.02.7150,05 (1980). In our view, the foundational proof was sufficient to demonstrate proper certification and approval. In sum, we find no reversible error in the admittance of Koch's blood alcohol test result.

## II

Koch maintains that the jury was improperly instructed regarding the legal effect of his blood alcohol concentration level. He claims that the questioned instruction impermissibly created a presumption, which shifted the burden of persuasion on a material element of the offense to him, in violation of his due process rights. *See Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). We agree that the instruction is defective, but we find it did not violate Koch's due process rights or deny him a fair trial.

■ Preliminarily, we must address the question whether Koch can now complain of the instruction though he entered no objection to it at trial. Former I.C.R. 30 required an objection at trial to preserve the issue of substantive error in jury instructions. That rule was amended effective July 1, 1980. The amended Rule 30 does not require an objection at trial to preserve issues regarding errors in the substance of jury instructions. *State v. Eisele,* 107 Idaho 1035, 695 P.2d 420 (Ct. App.1985); *see also County Insurance Co. v. Agricultural Development, Inc.,* 107 Idaho 961, 695 P.2d 346 (1985) (footnote 4 commenting on amended I.C.R. 30). We believe Koch may now dispute the substance of the challenged jury instruction.

■ The challenged instruction reads as follows:

If the evidence establishes beyond a reasonable doubt that the amount, by weight, of alcohol in the defendant's blood was one tenth of one percent (0.10%) or more at the time of the test as shown by a chemical analysis of his blood, breath, or urine, you shall find

that the defendant was under the influence of alcohol at the time of the alleged offense, unless from all the evidence you have a reasonable doubt that he was in fact under the influence of alcohol at the time of the alleged offense.

Besides being awkward and confusing, the instruction contains two legal flaws. First, it gave Koch a possible "out" contrary to legislative intent. Under current law, it is *per se* unlawful for a person to drive a motor vehicle with a blood alcohol concentration of .10 percent or above. I.C. § 18–8004(1). The instruction here permitted the jury to acquit Koch even if they found his blood alcohol concentration was .10 percent or higher. However, Koch obviously was not prejudiced by this error.

Second, the instruction does not clearly express the gravamen of one theory of the offense: *driving* while having a .10 percent or higher blood alcohol concentration. Instead, it focuses the jury's attention to the blood alcohol concentration level at the time of *testing*. However, unlike the erroneous instruction in *Sandstrom*, this instruction did not shift the burden of proof, nor did it create an impermissible presumption.

The instruction required the state to prove beyond a reasonable doubt that Koch was in fact under the influence at the time of the alleged offense. Consequently, the burden did not shift to Koch. The instruction permitted the jury to find that Koch was driving under the influence based upon the results at the time of testing. However, the instruction allowed the jury to convict Koch upon the test result *only* if they *also* believed beyond a reasonable doubt that Koch was "under the influence" at the time of the offense. This, of course, is incorrect. The state may establish guilt either by evidence showing that the defendant was driving with a blood alcohol level of .10 percent or higher, or by showing—under a totality of the evidence—that the defendant was driving "under the influence." The jury may infer from a blood alcohol test result what the probable concentration was while the defendant was driving. *See State v. Knoll,* 110 Idaho 678, 718 P.2d 589 (Ct.App.1986). What made the instruction here erroneous—but beneficial to Koch—was it did not tell the jury that if they found Koch's blood alcohol concentration to have been .10 percent or higher when he was driving they were required to find him guilty of DUI. Thus, although the instruction is defective, we hold that it was harmless error. I.C.R. 52. Needless to say, we disapprove of the instruction.

### III

Koch avers that there is insufficient evidence to support the jury's verdict. Specifically, he disputes the finding that he was driving his car at the time of the accident because the circumstantial evidence was inconclusive.

Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction entered upon a jury verdict will not be set aside where there is substantial evidence, viewed in the light most favorable to the state, upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Hinostroza,* 114 Idaho 621, 759 P.2d 912 (Ct.App.1988); *State v. Decker,* 108 Idaho 683, 701 P.2d 303 (Ct.App.1985). The jury's finding of Koch as the driver at the time of the accident is supported by substantial evidence. Koch was pinned in the driver's area when the rescue personnel arrived. The extrication team testified that they could not make passage from the driver's side to the passenger's side. Even more important are statements by Koch that he was driving. The evidence further demonstrated the degree of intoxication experienced by Koch. Finally, the evidence showed that Koch caused the co-occupant Labrie to suffer serious and debilitating injuries, making the offense "aggravated" within the meaning of I.C. § 18–8006(1). Having considered all the evidence under our standard of review, we conclude it is sufficient to show beyond a reasonable doubt that Koch committed aggravated driving while under the influence.

## IV

The final issue is whether the prosecutor's remarks in rebuttal argument constitute reversible error. The prosecutor stated:

Ladies and gentlemen, what we've got here is a classic case that you read about every day in the paper, a serious accident involving two or more individuals, an individual in the passenger side of that vehicle, or in the back seat is seriously injured or maimed by a drunken driver who walks away without a scratch.

Koch's objection to the remark was overruled.

Koch contends the remark was inflammatory and prejudiced the jury by drawing upon matters outside the facts in the case. We disagree. We find the prosecutor's argument neither inflammatory nor improper. We believe the remarks are within the bounds of propriety for argument by counsel.

The judgment of conviction is affirmed.

WALTERS, C.J., and BURNETT, J., concur.