810 P.2d 266

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Marshall GREATHOUSE,
Defendant–Appellant.**

No. 18322.

Court of Appeals of Idaho.

April 17, 1991.

Daniel P. Featherston, Sandpoint for defendant-appellant.

Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., argued, Boise for plaintiff-respondent.

WINMILL, Judge Pro Tem.

This is an appeal from a decision of the district court affirming various pretrial rulings of the magistrate and the defendant's subsequent conviction for driving while under the influence of alcohol. I.C. § 18–8004. We affirm the district court decision.

On October 12, 1987, an officer of the Bonner County Sheriff's Office received a report from his dispatcher of a suspected drunk driver. The dispatcher had received the report from a telephone caller, who had received the report from a truck driver by citizen band radio. The officer headed west on Highway 2 from Sandpoint to intercept the vehicle.

A vehicle approached the officer from the opposite direction with its high beam headlights on. The driver failed to dim his headlights, although the officer flashed his headlights several times. The officer turned and followed the vehicle. The offi-

cer noted that several other approaching vehicles were flashing their headlights at the vehicle, with no effect. The officer also noted that the vehicle was swaying in its lane and crossing the fog line and almost went onto the grass at the side of the road. The officer then decided to stop the vehicle and activated his overhead lights. The vehicle drove for another half mile before stopping.

The driver of the vehicle was Marshall Greathouse. The officer noticed an odor of alcohol on Greathouse and had him perform several sobriety tests, which he failed. Greathouse was then transported to the sheriff's office where he submitted to a breath test, with results of .19 and .20.

At the sheriff's office, Greathouse requested a blood test. Initially, he was told that he would have to wait until after the breath test and booking had been completed. When the officer told Greathouse that he would then take him for the blood test, Greathouse indicated that he was not feeling well and wanted to go home.

Greathouse was charged with driving while under the influence of alcohol. He entered a plea of not guilty, and the case was set for jury trial on December 4, 1987. His attorney filed several pretrial motions. The first requested the court dismiss the case because of the state's failure to respond to discovery. This was initially raised on the morning of trial. The state indicated that the failure to respond to Greathouse's discovery requests was due to an oversight. The magistrate did not consider the motion to dismiss, but continued the trial setting to December 17.

The motion to dismiss was heard on December 9. In addition to complaining about the state's general failure to respond to discovery, Greathouse also urged dismissal because the sheriff's office dispatch tape, although requested by Greathouse, had been erased pursuant to standard procedures of the sheriff's office. The tape apparently contained a recording of the conversation between the dispatcher and the unidentified caller, who was relaying the report of the truck driver concerning a

suspected drunk driver. The magistrate denied Greathouse's motion to dismiss but ordered the state to produce particular items requested by Greathouse.

Counsel also filed a motion to dismiss the charge against Greathouse, alleging that the arresting officer had denied Greathouse's request for a blood test, and a motion to disqualify the magistrate, alleging that she was biased against Greathouse. At the hearing scheduled on the motions, neither Greathouse nor his attorney appeared, and the motions were denied. Later, Greathouse waived his right to a jury trial.

Greathouse's attorney filed a motion requesting a court order permitting him and his expert witness to inspect and conduct experiments on the Intoximeter 3000 which had been used to test Greathouse's breath to determine his blood alcohol level. This motion was granted, and the state was ordered to make the equipment available before June 1, 1988. However, due to scheduling conflicts, the inspection and testing were not undertaken until the morning of trial.

A court trial was finally held, after numerous continuances, on June 15, 1988. During the trial, the magistrate sustained numerous objections to the state's introduction of the breath test results. The magistrate explained the basis for her ruling and thereby indicated what the state would have to prove in order to have the test results admitted. After several recesses and continued questioning of the officer, the magistrate ultimately admitted the test results into evidence.

Greathouse also testified and admitted that he consumed six alcoholic drinks in the hours before his arrest. The court found Greathouse guilty. Greathouse appealed to the district court. The district court affirmed and this appeal followed.

The numerous issues raised by Greathouse may be stated as follows: Did the magistrate err in failing to dismiss the charges or impose some other sanction against the state for its failure to respond to discovery requests, and for its erasure of the dispatch tape recording? Should the

charges against Greathouse have been dismissed because of the state's failure to timely afford him an independent blood test? Did the magistrate err in not disqualifying herself upon Greathouse's motion? Did the magistrate err by improperly coaching the deputy prosecutor as to the foundational requirements for the admission of breath test results, and subsequently admitting the results as evidence? Was the magistrate's finding of guilty supported by substantial evidence? We will consider each issue in turn.

■ At the outset, we note the applicable standard of review. When an appeal is taken from a district court's appellate decision, we consider the record independently of the decision of the district court while giving due regard to the district court's determination. *State v. Jones,* 115 Idaho 1029, 772 P.2d 236 (Ct.App.1989); *State v. Hopkins,* 113 Idaho 679, 747 P.2d 88 (Ct.App.1987). It is the decision of the magistrate, not the decision of the district court sitting in its appellate capacity, upon which we focus. *State v. Jones, supra; State v. Swartz,* 109 Idaho 1033, 712 P.2d 734 (Ct.App.1985).

## I.

■ Greathouse raises three issues concerning the magistrate's rulings on discovery which must be considered separately. First, he argues that the state did not respond to discovery and the magistrate erred in failing to dismiss the charges or impose sanctions. Whether a sanction should be imposed under I.C.R. 16 and, if so, which sanction is appropriate, are questions which are committed to the sound discretion of the trial court. The court's determination will not be disturbed on appeal unless there is a clear abuse of discretion. *State v. Buss,* 98 Idaho 173, 560 P.2d 495 (1977). Here, the original request for discovery was filed in October, 1987; a partial response was provided on October 29, 1987, with the additional items procured in November, 1987. On December 9, the magistrate ordered further production and there is nothing in the record to suggest

that discovery was not completed shortly thereafter. The trial was not held until June, 1988. Greathouse has not demonstrated from the record, or even asserted, that the lateness of disclosure prejudiced the preparation of his defense so that he was deprived of a fair trial. *State v. Couch*, 103 Idaho 205, 646 P.2d 447 (Ct. App.1982). Under these circumstances, we see no basis for concluding that the magistrate abused her discretion in ordering a further response to Greathouse's request for discovery but not imposing sanctions.

■ Greathouse also argues that the magistrate erred in not dismissing the charges or imposing sanctions for the loss of the dispatch tape recording. The state's loss of evidence requires a two-pronged inquiry as to whether the evidence is potentially useful to the defense and whether the state acted in bad faith in losing the evidence. *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988); *see also State v. Fain*, 116 Idaho 82, 774 P.2d 252 (1989), *cert. denied*, — U.S. —, 110 S.Ct. 277, 107 L.Ed.2d 258 (1989). Here, Greathouse does not assert, and there is nothing in the record which suggests, that the evidence could have been useful to his defense or that the state acted in bad faith.[1] Greathouse's only argument is that the tapes would not have been erased if the state had made a timely response to his discovery request. For this reason, he argues that some sanction should have been imposed. However, as discussed previously, this is a matter which is committed to the sound discretion of the trial judge and we see nothing in the record which suggests that the magistrate abused her discretion in refusing to impose sanctions in this case.

■ Greathouse also argues that, although the magistrate ordered that Greathouse's expert witness be given access to the Intoximeter 3000 to perform experiments in preparation for Greathouse's de-

fense, the expert was given access to the equipment for only thirty minutes on the morning of the trial. However, Greathouse made no objection in the trial court to preserve this issue. Accordingly, our review is limited to a determination of whether there was fundamental error—that is, an error so profound that it goes to the foundation of Greathouse's rights and destroys the fairness of the trial. *State v. Haggard*, 94 Idaho 249, 486 P.2d 260 (1971); *State v. Cates*, 117 Idaho 90, 785 P.2d 654 (Ct.App.1989). We find no such error here. Greathouse's expert had access to the Intoximeter 3000, conducted his tests, and testified at trial concerning those tests. A review of the expert's testimony at trial gives no indication that his limited access to the equipment impaired his ability to testify at trial. Considering these circumstances, we conclude that the error, if any, was not fundamental.

## II.

■ We turn next to Greathouse's contention that the magistrate erred in not granting his motion to dismiss because of the state's alleged failure to timely afford him an independent blood test. Preliminarily, we note that I.C. § 18–8002(3)(d) provides that a driver may, after submitting to a requested test for blood alcohol concentration administered by the officer, have additional tests made at his expense. The statute further provides that the failure or inability to obtain additional tests shall not preclude the admission of the results of the defendant's requested test unless the "additional test was denied by the police officer."

The trial record indicates Greathouse initially requested that he be allowed to obtain a blood test. The officer did not deny the request, but indicated he would have to wait until after the officer was finished with booking procedures and the adminis-

---

1. Although the officer was responding to information relayed to the dispatcher by the telephone call, neither the caller nor the truck driver testified at trial. Moreover, the officer had an independent basis for stopping Greathouse.

The record also indicates that the tape was erased pursuant to standard operating procedures of the Bonner County Sheriff's Department.

tration of the Intoximeter 3000 test.[2] When the officer finished, he offered to take Greathouse for the blood test. Greathouse testified at trial that he was not feeling well and just wanted to go home, so he told the officer, "No." The officer's conduct cannot reasonably be construed as a denial of Greathouse's request for a blood test. In essence, Greathouse withdrew his request for a blood test and it was for that reason that no test was obtained. Accordingly, the magistrate properly concluded there was no basis for suppressing the test results or for dismissing the charges against Greathouse.

### III.

■ Greathouse also argues that the magistrate erred with regard to the admission of the results of the blood alcohol test administered by the officer. First, Greathouse contends that the magistrate "coached" the deputy prosecutor by advising her how to lay the foundation to have the test admitted. Second, he contends that an inadequate foundation was laid for the admission of the test. We find both arguments to be without merit.

The trial transcript reveals that the magistrate sustained several objections from defense counsel to the admission of the breath test. Following several unsuccessful attempts by the prosecutor at laying a foundation for the admission of the tests, the magistrate offered to recess the trial. When the trial resumed the state again attempted to have the Intoximeter 3000 test results admitted. In sustaining defense counsel's objection, the magistrate stated:

> Let me say this, before I would even consider admitting the results of the Intoximeter into evidence I would require that the officer himself was certified and by whom to operate the machine. And secondly, that the machine itself is certified and calibrated as required by law.

Following further examination of the officer, the state again moved to admit the breath test results. The magistrate sustained defense counsel's objections and again stated the grounds for her decision. The deputy prosecutor then requested a recess so she could consult with her superiors. After the recess, the state made further inquiry of the officer and successfully moved for the admission of the breath test results.

The statements made by the magistrate were nothing more than explanations of her rulings. The mere expression of a legal conclusion regarding the sufficiency of foundational evidence is not error. *Harmston v. Agro–West, Inc.*, 111 Idaho 814, 727 P.2d 1242 (Ct.App.1986). Any explanation of a trial judge's ruling is likely to inform an advocate of what steps must be taken to remedy shortcomings in foundational evidence. However, such a coincidental effect does not demonstrate prejudice. To impose a blanket rule prohibiting the trial judge from explaining his or her rulings would constitute an unwarranted interference with the judge's difficult task of making a trial run fairly and expeditiously. We find no error in the magistrate's comments and actions.

■ Greathouse also contends that the magistrate erred in admitting the breath test because the foundation was inadequate. The record indicates that the Intoximeter 3000 was in proper working order and the officer was certified as an operator, instructor, and technician on the machine. The officer testified he followed all procedures on which he had been instructed in administering the test. He further testified the machine was certified by the Idaho Department of Health and Welfare and had been properly calibrated and tested. Greathouse has not specifically identified, and we are unable to find, any deficiency in the foundation laid by the state. *See State v. Bell*, 115 Idaho 36, 764 P.2d 113 (Ct.App.1988); *State v. Hartwig*, 112 Idaho 370, 732 P.2d 339 (Ct.App.1987). We

---

**2.** Greathouse testified at trial that he requested the additional test and the officer told him that "after we got through with what we had to do then he would take me down there." It is a reasonable inference that the officer was referring to booking procedures and administering the breath test.

find no error in the magistrate's admission of the breath test results.

## IV.

Greathouse also argues that the evidence was insufficient to support the magistrate's determination of guilt. In considering this contention, the appropriate standard of review is whether there is substantial evidence upon which the trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Aragon,* 107 Idaho 358, 690 P.2d 293 (1984); *State v. Decker,* 108 Idaho 683, 701 P.2d 303 (Ct.App.1985). Our function is to examine the evidence, not to place ourselves in the position of the trier of fact concerning the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Campbell,* 104 Idaho 705, 662 P.2d 1149 (Ct.App.1983). Furthermore, we view the evidence in the light most favorable to the respondent. *State v. Fenley,* 103 Idaho 199, 646 P.2d 441 (Ct.App. 1982).

We have reviewed the evidence under these standards. The evidence at trial indicates Greathouse drove with his headlights on high beam, although several oncoming vehicles flashed their lights at him. The vehicle weaved, crossed the fog line and almost drove onto the grass at the side of the road. Greathouse was slow in responding to the officer's flashing lights. After getting out of the vehicle, Greathouse swayed as he stood and had to use the vehicle to keep his balance. Greathouse smelled of alcohol and failed the dexterity tests. Greathouse testified that he had consumed six drinks prior to his arrest and this was confirmed by the breath test which indicated a blood alcohol concentration of .19 and .20. Given these facts, we have no difficulty in concluding that the magistrate's finding of guilty was supported by substantial evidence and cannot be disturbed on appeal.

## V.

The final issue raised by Greathouse is that the magistrate erred in not disqualifying herself. Greathouse had filed a motion to disqualify the magistrate "for cause" under I.C.R. 25(b)(4). This rule permits a party to disqualify a judge who is "biased or prejudiced for or against any party or his case in the action." However, a judge can only be disqualified if actual prejudice is directed against the litigant and is of such a nature and character that it would make it impossible for the litigant to get a fair trial. *State v. Waterman,* 36 Idaho 259, 210 P. 208 (1922); *Bell v. Bell,* 18 Idaho 636, 111 P. 1074 (1910).

Here, Greathouse does not make any particularized charge of bias or prejudice, contenting himself with generalized allegations that the magistrate was biased against him or against accused "drunk drivers" in general. From our independent review of the record, we find nothing which would support Greathouse's assertion. Without a specific showing, or even allegation, of actual bias or prejudice, we must conclude that the magistrate properly denied Greathouse's motion for disqualification.

For the reasons stated above, we affirm the appellate decision of the district court upholding the judgment of conviction.

WALTERS, C.J., and SWANSTROM, J., concur.