832 P.2d 1144

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Suzanne HOWELL, Defendant–Appellant.**

**No. 19260.**

Court of Appeals of Idaho.

June 2, 1992.

Roden, Arkoosh & Riceci, Boise, for defendant-appellant. C. Thomas Arkoosh argued.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., argued, for plaintiff-respondent.

SWANSTROM, Judge.

Suzanne Howell appeared in magistrate division on a charge of driving a motor vehicle while having a blood alcohol content of more than 0.10 in violation of I.C. § 18-8004. On the date set for trial, and after the court denied the defendant's motion for acquittal made at the end of the state's case, the parties stipulated to the entry of Howell's I.C.R. 11 conditional guilty plea. The judgment of conviction was upheld on appeal to the district court. This appeal followed. We affirm.

The principal issue on appeal deals with the alleged variance between the charge and the proof. Howell contends that the evidence presented by the state only went to prove that the defendant was driving under the influence, although the offense on the uniform citation read "driving a motor vehicle with a blood alcohol content of more than 0.10" in violation of I.C. § 18-8004. Howell objected to the admission of the results of the Intoximeter 3000 test absent testimony to show that the test was performed in accordance with standards defined by the Department of Law Enforcement. Howell also objected to the admission of the department's instrument calibration check and certification based on lack of foundation. She appeals these evidentiary rulings as well in an attempt to have her conviction overturned.

The facts surrounding Howell's arrest are as follows. On January 1, 1990 at approximately 3:00 a.m., the police responded to a call of a car off the road in a field near the intersection of Donna and Fletcher Roads in Canyon County. When the police approached the vehicle, they found only Howell, who was in the driver's seat. She smelled strongly of alcohol and was very disoriented. Howell agreed to perform field sobriety tests, which she was unable to complete. She was arrested for driving while under the influence and transported to the jail where she consented to a breath

test. The results of the Intoximeter 3000 tests were .22/.22.

Our standard of review when an appeal is taken from a district court's appellate decision is to consider the record of the magistrate independently of, but giving due regard to, the decision of the district court. *State v. Greathouse*, 119 Idaho 732, 810 P.2d 266 (Ct.App.1991). We will defer to the trial court's findings of fact, unless they are clearly erroneous, while exercising free review as to questions of law. *State v. Woolf*, 120 Idaho 21, 813 P.2d 360 (Ct. App.1991).

██ Howell first contends that it was error for the magistrate to deny her motion for acquittal because the proof submitted by the state did not go to the charge specified in the complaint. She does not attack the sufficiency of the charging complaint but argues that the state's proof, consisting of the officers' testimony and the results of Howell's tests on the Intoximeter 3000, was inadequate to sustain a conviction for driving with a blood alcohol concentration of 0.10 or more. Howell asserts that the breath test to which she submitted measures the concentration of alcohol in a subject's breath, not the alcohol concentration in the blood. Moreover, Howell asserts that the tests were invalid because the operator of the intoximeter did not follow accepted procedure in administering the test.

██ The question of whether there was a fatal variance between the proof established at trial and the crime alleged is a question of law over which we exercise free review. *State v. Windsor*, 110 Idaho 410, 716 P.2d 1182, *cert. denied*, 479 U.S. 964, 107 S.Ct. 463, 93 L.Ed.2d 408 (1986). A variance is material if it "affects the substantial rights" of the accused. *Berger v. United States*, 295 U.S. 78, 81, 55 S.Ct. 629, 630, 79 L.Ed. 1314 (1935), *overruled on other grounds* by *Stirone v. United States*, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960).

The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to

the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at trial; and (2) that he may be protected against another prosecution for the same offense.

*Berger v. United States*, 295 U.S. at 82, 55 S.Ct. at 630. Once the evidence is in, the determination of fatal variance is made by retrospective comparison of proof with allegations, and it must appear that the defendant was deprived of fair notice sufficient to enable him to prepare his defense. *United States v. Lambert*, 501 F.2d 943, 948 (5th Cir.1974).

Howell admitted to the investigating officer that she had been at a New Year's Eve party where she had consumed three drinks. The officer testified that the location of the party was near where Howell was found in the field and that there was a strong odor of alcohol on Howell's breath. Having consented to the breath test, Howell was aware that the results could be offered into evidence against her. There is nothing in the record to suggest that the preparation of Howell's case was in any way impaired by lack of notice or surprise.

In *State v. Koch*, 115 Idaho 176, 765 P.2d 687 (Ct.App.1989), we discussed the appropriateness of instructions defining what the state must prove to convict a defendant under I.C. § 18–8004(1). There, we held:

The state may establish guilt either by evidence showing that the defendant was driving with a blood alcohol level of .10 percent or higher, *or* by showing—under a totality of the evidence—that the defendant was driving "under the influence." [Emphasis added.]

*Id.* at 180, 765 P.2d at 691. *See also State v. Hartwig*, 112 Idaho 370, 732 P.2d 339 (Ct.App.1987). As stated in both of these cases, the statute creates one crime with two alternative methods of proof. The statute in effect when *Koch* and *Hartwig* were decided, however, required a person driving under the influence of alcohol to have 0.10 percent, or more, by weight, of alcohol *in his blood*, as shown by analysis of his blood, urine, or breath, or other bodily substance. I.C. § 18–8004(1). The

requirements were changed in the 1987 amendment to I.C. § 18–8004(1). *See* 1987 Idaho Sess.Laws ch. 122, § 1, pp. 248–49.

■ At the time of Howell's arrest, I.C. § 18–8004(1) made it unlawful for any person "who has an alcohol concentration of 0.10 as defined in subsection (4) of this section, or more, as shown by analysis of his blood, urine, or breath, to drive...." Accordingly, we agree with the magistrate's explanation that the addition of the word "blood" to describe the concentration of alcohol in the charging complaint was surplusage. By the admission of the results of Howell's Intoximeter 3000 test, the state satisfied its burden of proof as to Howell's alcohol concentration, which was in excess of the statutory limit. We hold that the magistrate committed no error in denying Howell's motion for acquittal.

■ Howell next challenges the admission of the Intoximeter 3000 test results without any foundational proof that the tests conducted at the Canyon County Jail complied with properly approved standards of the Idaho Department of Law Enforcement. She also argues that evidence that she had a cut lip at the time of her arrest precluded the admission of the test results absent foundational proof that the officer administering the test had checked her mouth for blood. Howell's contention is that, because the standards for operating the intoximeter were not introduced into evidence, the reliability of the results had not been established.

Idaho Rule of Evidence 103 provides that error may not be predicated upon a ruling which admits evidence unless a substantial right of the party is affected, and a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground of objection was not apparent from the context. *State v. Koch*, 115 Idaho at 178, 765 P.2d at 689. With respect to admission of evidence, the trial court has broad discretion and its judgment in the fact-finding role will only be disturbed when there has been a clear abuse of discretion. *State v. Crea*, 119 Idaho 352, 353, 806 P.2d 445, 446 (1991).

In Howell's case, the state presented the testimony of the officer who operated the intoximeter. The officer informed the court that he had transported Howell to the jail and had conducted the test in accordance with procedures he had learned in his certification training in the use of the intoximeter. He identified the printout containing the results of Howell's tests. On cross-examination, Howell's counsel inquired into whether, at the time of the test, the officer had checked Howell's mouth for blood, the presence of which would invalidate the results. The officer replied that the cut on Howell's lip had dried, that there was no blood on the tube that Howell blew into, but that he had not checked inside her mouth. From this evidence, the magistrate implicitly concluded, when he admitted the test results, that Howell had failed to demonstrate unreliability sufficient to require exclusion of that evidence.

■ The state also offered as an exhibit a calibration check and certification of the intoximeter used in Howell's tests. Over defense counsel's objection that this document was not self-authenticated as the state suggested, the court admitted both the certification document and Howell's intoximeter test results. The admission of the calibration check and certification is also challenged in Howell's appeal.

We have previously held that Intoximeter 3000 test results may be offered into evidence without detailed foundation, although the reliability of the result may be challenged by a defendant. *State v. Hartwig, supra.* Since *Hartwig* was decided in January, 1987, however, the statute regarding admissibility of alcohol concentration evidence was amended to alleviate the need for expert testimony as to the reliability of the test procedures. As amended, I.C. § 18–8004(4) reads in part:

Notwithstanding any other provision of law or rule of court, the results of any test for alcohol concentration and records relating to calibration, approval, certification or quality control performed by a laboratory operated or approved by the Idaho department of law enforcement or by any other method approved by the

Idaho department of law enforcement shall be admissible in any proceeding in this state without the necessity of producing a witness to establish the reliability of the testing procedure for examination.

█ We conclude that evidence of the standards adopted by the department of law enforcement is unnecessary in light of the statute. The state has provided a showing that the department of law enforcement adopted rules and regulations pertaining to the administration of alcohol concentration tests toward implementation of the statute. We are empowered to take judicial notice of these rules and regulations. *See generally* I.R.E. 201. *See also Robinson v. Robinson,* 70 Idaho 122, 212 P.2d 1031 (1950); *Trautman v. Hill,* 116 Idaho 337, 775 P.2d 651 (Ct.App.1989). Furthermore, the statute authorizes the admission of the calibration check and certification indicating that the machine was approved by the department of law enforcement and that the machine was properly calibrated at the time of Howell's tests. The question of authentication of the test results and the calibration check raised by Howell is answered by the statute. *See State v. Van Sickle,* 120 Idaho 99, 813 P.2d 910, 914 (Ct.App.1991) (quoting I.R.E. 901(b)(10)).

We concur with the magistrate's conclusion that the test in Howell's case had been conducted in such a manner as to lead to a valid result. We find that the magistrate did not abuse his discretion in admitting the Intoximeter 3000 results. Finally, the magistrate properly admitted the machine certification and calibration check pursuant to I.R.E. 901(b)(10).

The denial of Howell's motion for acquittal and judgment of conviction are affirmed.

WALTERS, C.J., and SILAK, J., concur.