845 P.2d 580

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ernest P. BARKER, Defendant–
Appellant.**

No. 19842.

Court of Appeals of Idaho.

Nov. 2, 1992.

Petition for Review Denied Feb. 18, 1993.

Raymundo G. Pena, Rupert, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Ernest Barker was arrested and charged with driving under the influence (DUI). I.C. § 18–8004. At trial, he moved for an order requiring the state to elect to prosecute by using only one of the two methods of proof described in § 18–8004, thereby precluding prosecution by the other method. The magistrate denied the motion, and instructed the jury that the state could establish guilt by either method of proof. The jury found Barker guilty. He appealed to the district court, which affirmed. We also affirm.

On December 8, 1990, Barker was found in his pick-up truck, parked on the side of Interstate 84. He was asleep in the driver's seat, with the engine running and a cup of bourbon mixed with 7–Up between his legs. The investigating state police officer roused Barker and when the latter spoke, the officer smelled a strong odor of alcohol. During the ensuing conversation Barker was very disoriented and confused. After checking his license and registration, the officer asked Barker to perform several field sobriety tests, which in the officer's opinion, he failed. Barker was then arrested for driving under the influence. At the police station, his alcohol concentration was tested by having him breathe into an Intoximeter 3000 machine. The results indicated alcohol concentrations of .10 and .10. Barker was booked into jail, prosecuted, and ultimately found guilty.

On appeal to the district court, Barker asserted that the magistrate erred when it denied his motion to have the state choose a single method of proof, and by giving Jury Instruction No. 12, which described both methods of proof. The district court found no error. Barker asserts the same errors on appeal to this Court.

■ We note that when an appeal is taken from a decision of the district court rendered in its appellate capacity, the appellate court considers the record from the magistrate division independently of, but with due regard for, the district court's decision. *State v. Greathouse*, 119 Idaho 732, 810 P.2d 266 (Ct.App.1991).

■ We begin with the DUI statute, which provides:

it is unlawful for any person who is under the influence of alcohol, drugs or any other intoxicating substances, or who has an alcohol concentration of 0.10 or more, ... as shown by analysis of his blood, urine, or breath, to drive or be in actual physical control of a motor vehicle....

I.C. § 18–8004(1)(a). This section has been interpreted to establish one crime—driving under the influence. *State v. Howell*, 122 Idaho 209, 832 P.2d 1144 (Ct.App.1992); *State v. Koch*, 115 Idaho 176, 765 P.2d 687 (Ct.App.1989); *State v. Hartwig*, 112 Idaho 370, 732 P.2d 339 (Ct.App.1987); *State v. Knoll*, 110 Idaho 678, 718 P.2d 589 (Ct.App. 1986).[1] However, there are two ways of proving a violation: first, by showing under a totality of the evidence that a defendant was driving under the influence. *Koch*, 115 Idaho at 180, 765 P.2d at 691. A totality of the evidence has been defined to encompass "circumstantial evidence of impaired driving ability or other observable symptoms of intoxication." *Knoll*, 110 Idaho at 682, 718 P.2d [at] 593. The second method requires the state to establish that the defendant drove with an alcohol level

---

**1.** *Knoll* discusses former I.C. § 49–1102, which was repealed and replaced by I.C. § 18–8004. *See* 1983 Idaho Sess.Laws (Ex.Sess.) ch. 3, § 13, pp. 17–18; 1984 Idaho Sess.Laws ch. 22, §§ 1 and 2, pp. 29–30. We note that the statute remains substantially the same for purposes of this discussion.

tested to be .10 percent[2] or more. "Either method of proof is permissible; neither of them is exclusive." *Id.*

Based on the foregoing, it is clear that the magistrate did not err when he denied Barker's motion to elect which method of proof the state would use. Such an order would be contrary to the language of I.C. § 18–8004, which uses the disjunctive "or" in its description of the methods of proof allowed to establish the elements of the crime. Granting the motion also would have been contrary to established Idaho case law. *See Howell, supra; Koch, supra; Hartwig, supra; Knoll, supra. See also State v. Lemalu,* 72 Haw. 130, 809 P.2d 442 (1991).

Our analysis of the DUI statute must continue, however, due to Barker's remaining assertions regarding Jury Instruction No. 12. He argues that the instruction misstates the law and that it shifted the burden of proof from the state onto him, violating his constitutional right to due process of law. His argument centers on subsection (2) of the statute, which states in part:

> Any person having an alcohol concentration of less than 0.10, as defined in subsection (4) of this section, shown by analysis of his blood, urine, or breath, by a test requested by a police officer *shall not be prosecuted for driving under the influence* of alcohol, except as provided by subsections (3) and subsection (1)(a) of this section.

I.C. § 18–8004(2) (emphasis supplied). The exception in subsection (3) recognizes that one's driving ability may be impaired by intoxicants not measurable in a test for alcohol. Therefore, if one's alcohol concentration is less than .10 percent, subsection (3) allows prosecution for use of drugs other than alcohol if "other competent evidence" is available. Subsection (1)(b) restates the prohibition against driving under the influence in subsection (1)(a), but lowers the applicable alcohol concentration to 0.04 through 0.09 and applies only to opera-

tors of commercial motor vehicles. Subsection (2) also permits prosecution of other individuals, and states:

> Any person who does not take an alcohol concentration test or whose test result is determined by the court to be unreliable or inadmissible against him, may be prosecuted for driving or being in actual physical control of a motor vehicle while under the influence of alcohol, drugs, or any other intoxicating substances, on any other competent evidence.

Thus, if one does not take a test or if the test result is determined unreliable or inadmissible, a person may still be prosecuted under the statute.

Distilled to its essence, the statute addresses three scenarios. In the first, the prosecution can rely on an alcohol concentration test because it has revealed an alcohol concentration of .10 percent or higher and the test result is reliable and admissible. In the second, the prosecution cannot rely on test results because the defendant has not taken a test or the court has determined that the results are unreliable or inadmissible. In this instance, however, the prosecution can use other competent evidence to show that a defendant was driving under the influence. In the third scenario, a reliable and admissible test result reveals an alcohol concentration of less than .10 percent, and according to the plain language of subsection (2), the accused "shall not be prosecuted...."

■ Barker argues that Jury Instruction No. 12 is a misstatement of the law because it does not describe the prohibition against prosecution found in subsection (2). He asserts that the machine on which he was tested was proved unreliable, because it had "varying degrees of results" over a period before and after Barker's test, therefore his test results were also unreliable. He submits that because the jury may have found that his results were unreliable

---

**2.** Whenever we refer to a "blood-alcohol concentration" or "alcohol concentration" or "test result" of "0.10 percent," as defined by statutes prior to 1987, we consider the result to be the same as a "0.10" test result under the present statute even though the word "percent" no longer appears in the statute.

and less than .10 percent, subsection (2) precluded his prosecution.

■ We note that there is no indication that Barker objected to the instruction at trial. However, I.C.R. 30 does not require an objection at trial to preserve issues regarding the substance of jury instructions. *Koch, supra;* I.C.R. 30. Thus, we are free to review the issue here. Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Tomes,* 118 Idaho 952, 801 P.2d 1303 (Ct.App.1990). If the questioned instruction is a correct statement of the law and if the court instructed the jury that it would have to find all the elements of the crime charged to be proven beyond a reasonable doubt, the appellate court generally will not find error in the language of the instruction. *State v. Lankford,* 116 Idaho 860, 781 P.2d 197 (1989), *cert. denied, Lankford v. State,* 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 803 (1990). Jury Instruction No. 12 states:

The defendant is charged in the Citation, with the commission of the crime of operating a motor vehicle while under the influence of alcohol, a violation of Idaho Code Section 18-8004.

It is unlawful for any person who is under the influence of alcohol, or who has an alcohol concentration of 0.10 percent to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public.

In order to prove the commission of the crime of operating a motor vehicle while under the influence of alcohol, each of the following elements must be proved:

1. That the defendant was *either*

  a. under the influence of alcohol, OR

  b. had an alcohol concentration of 0.10 percent or more, AND

2. while in such condition the defendant *either*

  a. drove OR

  b. was in actual physical control of a motor vehicle, AND

3. That the defendant was doing so either

  a. upon a highway, OR

  b. upon a street, OR

  c. upon a bridge, OR

  d. upon public or private property open to the public.

4. AND that such events took place in Gooding County, Idaho.

These are the four essential elements or material allegations of the crime of DUI and the state is required to prove at least one of the lettered subsections for each of the four numbered elements beyond a reasonable doubt.

We find this instruction to be a correct statement of the law. Thus, Barker's argument must be rejected. The record on appeal does not show that the magistrate found the machine Barker was tested on, or its results, to be unreliable or inadmissible. Barker has provided this Court only with a transcript of the argument dealing with his motion for election. Any negative ruling on the evidence is not revealed in the record. Further, the general verdict entered in this case gives no indication as to whether the jury found that the prosecution had made its case based on the per se standard of proof or based on other competent evidence. Moreover, our review of the exhibits describing the operation of the machine does not reveal any significant disparity in test results, and the machine had been certified to be accurate by the proper authority. Thus, we must assume that when the state introduced into evidence two test results showing an alcohol concentration of .10 percent, those results satisfied the requirement for prosecution under the per se standard described in the statute. The instruction was an accurate statement of the law when applied to the facts of this case.

■ Barker also argues that the instruction shifted the burden of proof to him, allowing the jury to presume he could be found guilty even if he had a test result of less than .10 percent. He asserts that this forced him to disprove the state's assertion regarding his alcohol concentration and the reliability of his test results. We observe that a statutory presumption

which is mandatory, i.e., is conclusive proof of an element of the crime or requires the accused to present rebuttal evidence, is unconstitutional, because it shifts the burden of proof to the defense and impinges on one's presumption of innocence. *State v. Hebner*, 108 Idaho 196, 697 P.2d 1210 (Ct. App.1985). A permissive inference, i.e., an inference that may be accepted or rejected by the jury, is constitutional. *Id.* If a jury instruction simply identifies a permissive inference, constitutional due process requirements have been met. *Id.* Jury instructions must be read as a whole to determine whether, in the eyes of a reasonable juror, their effect was to shift the burden of proof to the defendant. *State v. Randles*, 117 Idaho 344, 787 P.2d 1152 (1990); *State v. Williams*, 103 Idaho 635, 651 P.2d 569 (Ct.App.1982).

Again, we note that Barker could not avail himself of the prohibition against prosecution in subsection (2) because, as the record on appeal indicates, he produced a reliable test result of .10 percent. Moreover, Instruction No. 12 merely states the elements of the crime of driving under the influence as they applied to Barker's facts. The state was still required to prove that Barker's breath test met the quantum necessary to satisfy the statute. This Court has ruled that a breath test showing an alcohol concentration of .10 percent or more is not conclusive proof that one is guilty of driving under the influence. *State v. Pressnall*, 119 Idaho 207, 804 P.2d 936 (Ct.App.1991). The state still has the burden of proving beyond a reasonable doubt that the .10 percent reading is correct. *Id.* Here, the jury was free to consider whether Barker's test results were as accurate as the state claimed. The instruction also stated that without this quantum, the state had to prove, based on other competent evidence, that Barker had been driving under the influence. As required, the jury was instructed that to support a conviction, each element of the crime had to be proved beyond a reasonable doubt. It is true that the jury was not instructed that Barker could not be prosecuted under the statute if his test showed results of less than .10 percent and the test was reliable and admissible. However, this information was not applicable to Barker's facts. Even unreliable tests, however, as Barker asserts he had, allow prosecution based on other competent evidence of intoxication. Importantly, Barker does not argue, and the facts do not support, a claim that his tests produced results that were both reliable *and* showed an alcohol concentration of less than .10 percent.[3]

Accordingly, the appellate decision of the district court, upholding the judgment of conviction, is affirmed.

SWANSTROM and SILAK, JJ., concur.

---

3. The state erroneously attempts to rebut Barker's argument by saying that "equally permissible is a finding by the jury that, regardless of Barker's BAC [blood-alcohol concentration], he was driving under the influence of alcohol." This Court stated in *Knoll, supra,* that under subsection (2) of the 1983 version of the statute the motorist is shielded from *any* prosecution under subsection (1) if the motorist submits to a blood-alcohol test at the request of a police officer which shows a blood-alcohol level of less than .10 percent. *Knoll,* 110 Idaho at 681, 718 P.2d at 592. At that time, the statute provided an exception to the shield of subsection (3). The current version of the statute adds the exception of subsection (1)(b).

Footnote two in *Knoll* explored the 1984 amendment of the statute, which provided that the court could determine the test to be unreliable or inadmissible and therefore the defendant who took no test, or a faulty one, could be prosecuted for driving under the influence by the use of "other competent evidence." Recognizing the shield effect of subsection (2), we questioned whether a defendant with a test result of less than .10 percent, and who then was shielded from prosecution, could have that shield pierced by the state's showing that the test was unreliable. We also queried whether a driver who was to be prosecuted for DUI, on the basis of observable symptoms of intoxication, could invoke the shield of subsection (2) and defeat prosecution by demanding an alcohol test which, in a gamble, might produce a reliable result of less than .10 percent.

*Knoll* observed that the statute is "not a model of clarity." Since that decision was issued, the legislature has made additions to the statute, but no significant revisions. A further revision would be very helpful. *See* Redman, *A Message from the Dead Part I,* THE ADVOCATE, Vol. 29, No. 1, p. 5 (Idaho State Bar, Feb.1986).