ROY, J.
 

 In this underinsured motorist case, the Estate of Aisha Curry appeals the trial court's grant of summary judgment in favor of Farmers Insurance Exchange (insurer). We reverse and remand for further proceedings.
 

 In April 2000, Aisha Curry (insured) died from complications resulting from a car accident in which she was a passenger in a rented vehicle driven by a friend. Insured was the named insured under an automobile policy issued by insurer and was an insured under two other insurance policies issued by insurer to her mother and stepfather because she resided with them. The underinsured motorist (UM/UIM) policy limits on each of the three policies was $50,000. Insured recovered $16,666.67 from the insurer of the other automobile involved and $33,833.33 from her insurer under the UM/UIM coverage provided by her policy.
 

 Insured then demanded UM/UIM benefits under her mother's and stepfather's policies. Insurer denied coverage, claiming that all three policies prohibited the stacking of policies and UIM coverages. Insured filed a breach of contract action. Insurer filed a motion for summary judgment, arguing that the anti-stacking provisions precluded any additional UM/UIM benefits.
 

 Insurer relied on four separate provisions of the policies as prohibiting stacking. The first provision relied upon by insurer in the UM/UIM section of the policies is entitled "Limits of Liability"; the second, "Other Insurance"; the third, "Two or More Cars Insured"; and the fourth, "Endorsement
 
 *1131
 
 $0721." The latter expressly prohibits stacking, but there is an unresolved factual dispute in the trial court as to whether it was included in any or all of the policies in question.
 

 The trial court granted insurer's motion for summary judgment, concluding that even without Endorsement $0721, the "Limits of Liability" and "Two or More Cars Insured" provisions are intracompany anti-stacking provisions. The court did not address the "Other Insurance" provision.
 

 I.
 

 Summary judgment is a drastic remedy that is warranted only on a clear showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party moving for summary judgment bears the burden of establishing the lack of a triable factual issue, and if there are any doubts as to the existence of such an issue, they must be resolved against that party. Although the party opposing summary judgment is entitled to the benefit of all favorable inferences that may be drawn from the facts contained in the record, the movant's request must be granted where the facts are undisputed and the opposing party cannot prevail as a matter of law. See C.R.C.P. 56; Greenberg v. Perkins, 845 P.2d 580 (Colo.1998). We review the grant of a motion for summary judgment de novo. Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd., 901 P.2d 1251 (Colo.1995); see C.R.C.P. 56.
 

 An insurance policy is a contract, the interpretation of which we review de novo. In construing a policy, we look to the plain language and enforce the policy as written, unless there is ambiguity in the policy language. When a policy provision is clear and unambiguous, courts should neither rewrite it nor limit its effect by a strained construction. State Farm Mut. Auto. Ins. Co. v. Stein, 940 P.2d 384 (Colo.1997). Insurer argues, and we agree, that the policies at issue here are clear and unambiguous.
 

 IT.
 

 Insured argues that the trial court erred in concluding that the "Limits of Liability," "Other Insurance," or "Two or More Cars Insured" provisions prohibit stacking of UM/ UIM motorists coverages. We agree in part.
 

 Stacking means "aggregating, combining, [or] multiplying ... limits of separate poli-cles providing uninsured and underinsured motorist coverage." Section 10-4-402(8.5), C.R.S.2008. Anti-stacking provisions are permissible in Colorado. Farmers Ins. Exch. v. Stever, 854 P.2d 12830 (Colo.1998); Shelter Mut. Ins. Co. v. Thompson, 852 P.2d 459, 467 (Colo.1998)("anti-stacking provision pertaining to underinsured motorist coverage does not violate public policy"). Section 10-4-609(2), C.R.S.2008, provides, in pertinent part:
 

 A policy may contain provisions which prohibit stacking the limits of more than one uninsured motorist coverage policy ... if such provisions are included ... in multiple policies issued by one insurer ... to an insured or to a resident relative of such insured.... [UJnderinsured motorist coverage is included in the term "uninsured motorist coverage" ....
 

 "Stacking" is used to describe the stacking of policies, the stacking of coverages, or the stacking of policy limits. These terms are essentially synonymous when, as here, the same coverage is involved. We will refer to stacking as the stacking of policies.
 

 Here, all three policies contain identical language. Based on the identical language, both parties have stated it is not important to the analysis which policy contains the operative language. However, we conclude that it is necessary to consider the language in the context of each policy to determine the coverage available under each policy.
 

 The purpose of the anti-stacking provisions is to limit the exposure of the insurance company. Such a provision does not affect the exposure for the primary insurance policy here, insured's policy. However, anti-stacking provisions limit exposure of the two secondary insurance policies, and it is the anti-stacking provisions in these policies that are applicable here. Therefore, in this in
 
 *1132
 
 stance, it is the language of the mother's and stepfather's policies that governs whether they can be stacked with insured's policy or each other.
 

 A.
 

 The "Limits of Liability" provision states:
 

 The limits of liability shown in the Declarations apply subject to the following:
 

 1. The limit for "each person" is the maximum for bodily injury sustained by any person in any one occurrence. ... 2. Subject to the limit for "each person," the limit for "each occurrence" is the maximum combined amount for bodily injury sustained by two or more persons in any one occurrence.
 

 3. Subject to the law of the state of the occurrence, we will pay no more than these maximums regardless of the number of vehicles insured, insured persons, claims, claimants, policies, or vehicles involved in the occurrence.
 

 In Shean v. Farmers Insurance Exchange, 984 P.2d 885 (Colo.App.1996), a division of this court analyzed a "Limits of Liability" provision identical to the one at issue here. It concluded that the provision was a per occurrence limitation on liability and not an anti-stacking provision, explaining that "anti-stacking and per occurrence policy limits are distinct limitations on Hability." Shean v. Farmers Ins. Exch., supra, 984 P.2d at 840.
 

 We are persuaded by the division's analysis in Shean and conclude that the "Limits of Liability" provision here is an occurrence limitation and not, as insurer argues, a provision that prohibits the stacking of the poli-cles.
 

 B.
 

 The "Other Insurance" provision states, in relevant part:
 

 1. We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or poli-cles have been exhausted by payment of judgments or settlements.
 

 2. The amount of Uninsured Motorist Coverage we will pay under Additional Definitions 3b shall be reduced by the amount of any other bodily injury coverage available to any party held to be liable for the accident.
 

 3. Except as provided in paragraph 2 above, if any other collectible insurance applies to a loss covered by this part, we will pay only our share. Our share is the proportion that our limits of liability bear to the total of all applicable limits.
 

 4. We will not provide insurance for a vehicle other than your insured car, unless the owner of that vehicle has no other insurance applicable to this part.
 

 [[Image here]]
 

 6. If any applicable insurance other than this policy is issued to you by us or any other member company of the [insurer's group of companies], the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of Hability.
 

 (Emphasis added.)
 

 The UM/UIM coverage provision provides, "We will pay all sums which an insured person is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured person " (emphasis in original). With respect to UM/UIM coverages, the policy definition of "insured person" includes "you or a family member," that is, mother, stepfather, and insured.
 

 The policies define "you" as "the 'named insured' shown in the Declarations and spouse if a resident of the same household." It is undisputed that insured does not fit the definition of "you" within the meaning of the policies issued to her mother and stepfather, but she is an insured under those policies by virtue of her status as a "family member" of both mother and stepfather. The policies define "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household."
 

 Thus, we conclude that the "Other Insurance" provision of the policies issued to insured's mother and stepfather provides di
 
 *1133
 
 rect UM/UIM coverages to insured and does not prohibit the stacking of those policies with her own policy, in which she is the named insured. The "Other Insurance" provision does, however, limit the total amount payable to her, or her estate, to the single policy (mother's or stepfather's) with the higher limits. Here, because both policies have the same limits, the total amount payable to the estate is $50,000.
 

 The operative language limiting the stacking is contained in paragraph six of the "Other Insurance" provision which states that "the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability." The phrase "all such policies" refers to policies issued to "you," which, in this case, is mother or stepfather.
 

 No Colorado authority has dealt with the implications of the word "you" in this context. However, a division of this court in Geiger v. American Standard Insurance Co., - P.3d -, 2004 WL 2188116 (Colo.App. No. 08CA1418, Sept. 28, 2004), addressed the implications of an identically defined term "you" in the cancellation clause. There, the division held that, because "you" included both the named insured and the resident spouse, and the notices of cancellation were to be mailed to "you," the notice of cancellation was not effective unless sent to both. That division's application of the term is consistent with ours.
 

 We are cognizant that other divisions of this court are contemporaneously announcing opinions dealing with the stacking of UM/UIM coverages in different contexts. Bush v. State Farm Mut. Auto. Ins. Co., 101 P.3d 1145, 2004 WL 2278346 (Colo.App. No. 03CA1I182, Oct. 7, 2004); Roberts v. Am. Family Mut. Ins. Co., - P.3d -, 2004 WL 2278358 (Colo.App. No. 08CA0848, Oct. 7, 2004). We have reviewed these opinions and, in our view, they are not in conflict with this opinion even though they conclude that stacking is not permitted under the context there presented.
 

 Shean v. Formers Ins. Exch., supra, addressed an "Other Insurance" provision that was almost identical, but involved UM/UIM coverages in four policies issued by one insurer to one named insured. The named insured and his six passengers were "insureds" under all the policies. The named insured and his passengers sought to stack all the policies. There, the division dealt primarily with the relationship of clauses three and five (here three and six) and concluded that the insurer's liability is limited to its share of the excess damages based on its proportionate share of the policy limits of all collectible policies; that paragraph five "provides that only one insurance policy issued by the company is collectible ... from insurer"; and that "giving effect to clause 5 [here 6], there is no 'other collectible insurance' and no purpose in applying clause 3 to prorate liability." Shean v. Farmers Ins. Exch., supra, 934 P.2d at 838.
 

 Shean is distinguishable. There, all four policies were issued to one person, and the use and application of the defined word "you" in paragraph five was not of consequence. Here, though paragraph three of the "Other Insurance" provision may be implicated, one policy was issued to insured, and the other two policies were issued to her mother and stepfather. Therefore, the defined word "you" is of significance here.
 

 We conclude that the "Other Insurance" provision does not prohibit the stacking of the coverages provided by policies issued to insured's mother and stepfather with the policy issued to insured, but limits the stacking to one policy.
 

 C.
 

 The third provision relied upon by insurer is entitled "Two or More Cars Insured" and states:
 

 With respect to any accident or occurrence to which this and any other auto policy issued to you by any member company of the [insurer's group of companies] applies, the total limit of liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.
 

 (Emphasis added.)
 

 In Farmers Insurance Exchange v. Stever, supra, the supreme court held that a provision nearly identical to the "Two or More
 
 *1134
 
 Cars Insured" provision unambiguously prohibited stacking of intracompany policies. The provision there stated:
 

 With respect to any occurrence, accident or loss to which this and any other insurance policy or policies issued to the insured by the Company also apply, no payment shall be made hereunder which, when added to any amount paid or payable under such other insurance policy or policies, would result in a total payment to the insured or any other person in excess of the highest applicable limit of liability under any one such policy.
 

 Farmers Ins. Exch. v. Stever, supra, 854 P.2d at 1281 (emphasis added).
 

 However, the provision in Stever used the term "the insured" in place of the word "you" used in the policies at issue here. We conclude, based on our analysis of the "Other Insurance" provision, that the "Two or More Cars Insured" provision contained in the pol-icles issued to the mother and stepfather does not prohibit stacking with the policy issued to insured under the circumstances presented here.
 

 Because the issue is not before us, we do not express any opinion as to whether the stacking of these policies is limited or prohibited by Endorsement $0721, the applicability and effect of which is as yet unresolved by the trial court.
 

 Accordingly, the judgment is reversed, and the case is remanded for further proceedings.
 

 Judge KAPELKE and Judge CARPARELLI concur.