## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 40507

STATE OF IDAHO,

    Plaintiff-Appellant,

v.

KYLE ALAN RICHARDSON,

    Defendant-Respondent.

_____

)
)
)
)
)
)
)
)
)
)
)
)

**Coeur d'Alene, April 2014 Term**

**2014 Opinion No. 63**

**Filed: June 24, 2014**

**Stephen W. Kenyon, Clerk**

Appeal from the district court of the Second Judicial District of the State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge.

The order of the district court is <u>reversed</u> and the case is <u>remanded</u> for proceedings consistent with this Opinion.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, attorney for appellant. Kenneth K. Jorgensen argued.

Danny J. Radakovich, Lewiston, attorney for respondent.

_____

W. JONES, Justice

### I. NATURE OF THE CASE

The State charged Kyle A. Richardson with three counts of delivery of a controlled substance in violation of I.C. § 37-2732(a)(1)(A). After a preliminary hearing in which a confidential informant testified for the State, the State filed a motion requesting that the district court allow the State to admit into evidence at trial a transcript of the confidential informant's preliminary hearing testimony. The State sought admission of the confidential informant's testimony because the confidential informant had died and thus was unavailable as a witness for trial. The district court issued an opinion and order denying the State's motion. The State filed a motion for a permissive appeal of the district court's order. This Court granted the State's motion and the State appealed. We reverse the district court.

### II. FACTUAL AND PROCEDURAL BACKGROUND

1

On January 4, 2012, the State filed a criminal complaint charging Richardson with three counts of delivery of a controlled substance in violation of I.C. § 37-2732(a)(1)(A). The State alleged that on or about September 7, September 9, and September 14, 2011, Richardson unlawfully delivered methamphetamine, a schedule II controlled substance, to "CI11-L02."[1]

On February 22, 2012, the magistrate court held a preliminary hearing. The State called Detective Brett Dammon of the Lewiston Police Department (LPD) and Robert Bauer, a confidential informant for LPD, to testify. Dammon explained that LPD had Bauer arrange and conduct three controlled deliveries in which Bauer purchased methamphetamine from Richardson with prerecorded money under LPD's surveillance.

Bauer testified that he participated in a LPD investigation targeting Richardson. He explained that he purchased methamphetamine from Richardson three times in early September as a confidential informant for LPD. Bauer also testified that he had contact with Richardson after the three controlled deliveries. According to Bauer, Richardson came by Bauer's house because "[h]e wanted to talk to me about this." Bauer then testified that he told Richardson he was the confidential informant and that he was "really surprised" that Richardson "didn't seem real surprised." Bauer had known Richardson for about twenty years, first from working together and then from "drug[s]."

Richardson's attorney then cross-examined Bauer. Bauer admitted that he was addicted to methamphetamine around the time of the deliveries, but claimed that he did not consume any methamphetamine on the day of each purchase. He agreed that he began working as a confidential informant "to work off some criminal charges they ['the drug detectives'] were going to bring against" him. He testified that he did not know how many charges he might have been facing, but he thought that they were "just possession and maybe intent to deliver" methamphetamine. Bauer was asked about his ability to remember the three controlled deliveries and some specifics about them. He was also asked if he had any felony convictions and Bauer admitted to one prior felony conviction for possession of methamphetamine in 2001. He also admitted to selling methamphetamine to Richardson prior to the three controlled deliveries.

---

[1] On January 10, 2012, Richardson filed a request for discovery. According to Richardson, the State responded to his request for discovery on January 12, 2012. He claims that the State's response listed "CI11-L02" as a witness and that the State did not provide him with the name, address, or contact information of "CI11-L02." The State's response is not in the record. Richardson moved to augment the record with the State's discovery response, but the Court denied Richardson's motion to augment the record without prejudice. Richardson did not renew his motion.

Based on the testimony of Dammon and Bauer, the magistrate court found substantial proof that Richardson committed the crimes charged in the complaint and bound him over to district court. On February 22, 2012, the State filed an information. On March 2, 2012, the district court set a jury trial for June 4, 2012. On May 1, 2012, the State moved for a continuance of the jury trial "based on a key witness being unavailable from June 4, 2012, through June 8, 2012." The district court granted the State's motion and rescheduled the jury trial for August 20, 2012.

On July 31, 2012, the State moved to admit a transcript of the preliminary hearing testimony of Bauer because Bauer was now deceased. The State requested that the district court enter an order allowing the introduction of a transcript of his preliminary hearing testimony at trial. Richardson objected to the State's motion.

On October 23, 2012, the district court entered an opinion and order denying the State's motion. The State filed a motion for a permissive appeal of the district court's order on November 5, 2012. The district court granted the State's motion and the State appealed. This Court granted the State's permissive appeal.

### III. ISSUE ON APPEAL

1. Whether the district court erred by denying the State's motion to admit a transcript of the preliminary hearing testimony of a witness unavailable to testify at trial.

### IV. STANDARD OF REVIEW

"Trial courts have broad discretion when ruling on a motion in limine so we review the district court's decision to grant or deny a motion in limine for abuse of discretion." *Cramer v. Slater*, 146 Idaho 868, 878, 204 P.3d 508, 518 (2009) (quoting *Puckett v. Verska*, 144 Idaho 161, 167, 158 P.3d 937, 943 (2007)). "A trial court does not abuse its discretion if it (1) recognizes the issue as one of discretion, (2) acts within the boundaries of its discretion and applies the applicable legal standards, and (3) reaches the decision through an exercise of reason." *State v. Guess*, 154 Idaho 521, 528, 300 P.3d 53, 60 (2013) (quoting *Johannsen v. Utterbeck*, 146 Idaho 423, 429, 196 P.3d 341, 347 (2008)). The Court freely reviews questions of law. *State v. Meister*, 148 Idaho 236, 239, 220 P.3d 1055, 1058 (2009).

### V. ANALYSIS

**A. Richardson's Rights Under The Confrontation Clause Are Not Violated By The Admission Of A Transcript Of Bauer's Preliminary Hearing Testimony At Trial.**

3

"The Sixth Amendment's Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.'" *Crawford v. Washington*, 541 U.S. 36, 42 (2004) (alternation in original) (quoting U.S. CONST. amend. VI). "[T]his provision bars 'admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'" *Davis v. Washington*, 547 U.S. 813, 821 (2006) (quoting *Crawford*, 541 U.S. at 53–54). The Confrontation Clause's reach is limited to "testimonial statements" and "in order for testimonial evidence to be admissible, the Sixth Amendment 'demands what the common law required: unavailability and a prior opportunity for cross-examination.'" *Michigan v. Bryant*, 131 S. Ct. 1143, 1153 (2011) (quoting *Crawford*, 541 U.S. at 68). The term "testimonial . . . . applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *Crawford*, 541 U.S. at 68. The Confrontation Clause "is made obligatory on the States by the Fourteenth Amendment." *Pointer v. Texas*, 380 U.S. 400, 403 (1965).

There is no dispute in this case that Bauer's statements at the preliminary hearing were testimonial. There also is no dispute that Bauer is unavailable to testify at trial. As such, the only issue is whether Richardson had a prior opportunity for cross-examination of Bauer.

The defendant must have had "a prior opportunity for cross-examination" to admit the preliminary hearing testimony of an unavailable witness without violating the defendant's constitutional right to confrontation. *Crawford*, 541 U.S. at 53–54. The U.S. Supreme Court in *Crawford* did not define this phrase, but the U.S. Supreme Court recognized that its prior cases held that "preliminary hearing testimony is admissible only if the defendant had an *adequate* opportunity to cross-examine." 541 U.S. at 57 (emphasis added) (citing *Mancusi v. Stubbs*, 408 U.S. 204, 213–16 (1972); *California v. Green*, 399 U.S. 149, 165–68 (1970); *Pointer*, 380 U.S. at 406–08).

The district court concluded that Richardson did not have an adequate opportunity for cross-examination of Bauer pursuant to the Confrontation Clause. The district court found that Richardson was not informed of the name of the confidential informant until the confidential informant testified at the preliminary hearing and that any claim by the State that Richardson knew the identity of the confidential informant prior to the preliminary hearing was speculative. The district court also noted that the audio recordings of the controlled deliveries did not identify

4

the confidential informant. Based on these reasons, the district court concluded that Richardson's attorney used his cross-examination of Bauer as an investigatory tool. Due to Richardson's apparent inability to investigate Bauer prior to the preliminary hearing, the district court determined that Richardson did not have an adequate opportunity for cross-examination. We hold that the district court erred in concluding that Richardson was denied an adequate opportunity to cross-examine Bauer at the preliminary hearing.

"*Crawford* did not specifically address what constitutes an 'adequate' opportunity for cross-examination, but the cases the [U.S. Supreme] Court cited, *Pointer*, *Green*, and *Mancusi*, do provide some guidance in assessing whether an adequate opportunity has been afforded." *State v. Mantz*, 148 Idaho 303, 306, 222 P.3d 471, 474 (Ct. App. 2009). There are three indicators of an adequate opportunity for cross-examination based on U.S. Supreme Court case law. "The first indication of an adequate opportunity to cross-examine is representation by counsel." *Id.* (citing *Pointer*, 380 U.S. at 401–02, 407.) A second indication is no significant limitation "in any way in the scope or nature" of counsel's cross-examination. *Id.* (quoting *Green*, 399 U.S. at 166). The third indication is counsel's failure to "show any new and significantly material line of cross-examination that was not at least touched upon" in the preliminary hearing. *Id.* at 307, 222 P.3d at 475 (quoting *Mancusi*, 408 U.S. at 215). These three factors are "illustrative and not meant to be exhaustive or exclusive in the determination of the adequacy of cross-examination under the Confrontation Clause." *Id.* Whether a party had an adequate opportunity to cross-examine is determined on a case-by-case basis. *Id.* at 309, 222 P.3d at 477.

In this case there is no evidence to suggest that Richardson would have introduced any new and material line of cross-examination at trial. Richardson claimed in his objection to the State's motion that it was "not yet known" if Bauer had any criminal convictions in other states. He also claimed that he would have "checked around" for information to contradict Bauer's claim that he was not under the influence of drugs during the controlled deliveries and for information on the benefit Bauer received from the State for his testimony. These claims are nothing more than speculation and conjecture. Richardson presented no evidence, such as an affidavit, to substantiate his claims. Moreover, if any of Richardson's claims come to fruition, Richardson can present those claims as evidence at trial through means other than cross-examination of Bauer. Pursuant to Idaho Rule of Evidence (I.R.E.) 806, Richardson may attack

Bauer's credibility at trial "by any evidence which would be admissible for those purposes if declarant had testified as a witness." I.R.E. 806. "This rule provides that when a hearsay statement has been admitted in evidence, 'the credibility of the declarant may be attacked.'" *State v. Bingham*, 116 Idaho 415, 420, 776 P.2d 424, 429 (1989) (quoting I.R.E. 806). Thus, upon the admission of Bauer's preliminary hearing testimony at trial, Richardson can impeach Bauer within the confines of the rules of evidence.

Further, the magistrate court imposed no limitation in any way in the scope or nature of Richardson's cross-examination of Bauer. Richardson questioned Bauer on all relevant issues for cross-examination at trial: Bauer's recollection of the events in question, his agreement with the State to be a confidential informant in exchange for non-prosecution, his prior felony conviction, his drug addiction, and his relationship with Richardson. With these questions, Richardson inquired into Bauer's potential bias, his motive to testify falsely, the reliability and accuracy of his recollection of the controlled deliveries, and his credibility. There is no claim or finding that Bauer was untruthful or evasive during his testimony and thus his behavior in some way restricted Richardson's ability to impeach Bauer. "Where the defendant has had the opportunity to cross-examine a witness at a preliminary hearing, probing into areas such as bias and testing the veracity of the testimony, cross-examination, and thus confrontation, within the meaning of the Sixth Amendment has been accomplished." *Commonwealth v. Wholaver*, 989 A.2d 883, 904 (Pa. 2010). Based on a review of the preliminary hearing transcript, this Court concludes that Richardson had an adequate opportunity to cross-examine Bauer at the preliminary hearing.

Richardson may have preferred to be more aggressive or thorough with his cross-examination at the preliminary hearing had he known that Bauer would become unavailable, but the Confrontation Clause requires only an adequate opportunity for cross-examination of a witness, not a perfect one. *See Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) ("Generally speaking, the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish."); *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973) ("[T]he right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal process.").

In summary, Richardson's failure to offer any evidence of new and material information that he would have confronted Bauer with at trial together with the absence of any other reason

6

to believe that his cross-examination of Bauer at the preliminary hearing was deficient precludes a finding that Richardson was denied an adequate opportunity to cross-examine Bauer. Based on these reasons, the district court erred by concluding that Richardson's Sixth Amendment right to confrontation would be violated by admission of a transcript of Bauer's preliminary hearing testimony at trial.

**B.** **Idaho Law Governing The Admission Of Preliminary Hearing Transcripts Permits The Admission Of A Transcript Of Bauer's Preliminary Hearing Testimony At Trial.**

In addition to the Confrontation Clause's requirement of an "adequate" opportunity for cross-examination, I.R.E. 804 imposes requirements to admit preliminary hearing testimony of an unavailable witness at trial. As an exception to the hearsay rule, I.R.E. 804(b)(1) allows the admission of former testimony of an unavailable witness "if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." I.R.E. 804(b)(1). "'[S]imilar motive' does not mean 'identical motive' . . . [T]he similar-motive inquiry . . . is inherently a *factual* inquiry depending in part on the similarity of the underlying issues and on the context of the . . . questioning." *United States v. Salerno*, 505 U.S. 317, 326 (1992) (Blackmun, J., concurring).

While this Court's opinion in *State v. Elisondo*, 114 Idaho 412, 757 P.2d 675 (1988), may have supported the conclusion that the defendant generally would not have a similar motive at the preliminary hearing to develop the testimony as he would at trial, any such conclusion from *Elisondo* has been overridden by the Legislature's enactment of I.C. § 9-336 in 1989. Ch. 51, § 2, 1989 Idaho Sess. Laws 63, 64; *see Elisondo*, 114 Idaho at 414–15, 757 P.2d at 677–78 (discussing the defense's motive at the preliminary hearing). That statute permits the admission of preliminary hearing testimony of an unavailable witness at trial subject to three findings by the district court. It states in its entirety:

> Prior to admitting into evidence recorded testimony from a preliminary hearing, the court must find that the testimony is:
>
>> 1. Offered as evidence of a material fact and that the testimony is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and
>>
>> 2. That the witness is, after diligent and good faith attempts to locate, unavailable for the hearing; and

> 3. That at the preliminary hearing, the party against whom the admission of the testimony is sought had an adequate opportunity to prepare and cross-examine the proffered testimony.

I.C. § 9-336. In enacting this legislation, the Legislature stated, "[I]t is the opinion of the legislature that the admission of previously recorded preliminary hearing testimony should be admitted under the safeguards contained within [I.C. § 9-336]. . . . It is the policy of this state that all relevant and admissible evidence should be usable in criminal proceedings." Ch. 51, § 1, 1989 Idaho Sess. Laws at 64.

In this case there are two issues regarding Idaho's rules pertaining to admission of preliminary hearing testimony. First, the parties contest whether Richardson had an adequate opportunity to prepare pursuant to I.C. § 9-336. Second, the parties contest whether Richardson had a similar motive to develop the testimony pursuant to I.R.E. 804(b)(1). The similar motive issue is examined first.

The district court concluded that Richardson did not have the same motive to develop Bauer's testimony at the preliminary hearing as he would have had at trial by reasoning that Richardson had to use his cross-examination of Bauer "as an investigatory tool." This Court notes that the district court seemed to require that Richardson have the same motive at the preliminary hearing and trial to satisfy I.R.E. 804(b)(1), but this requirement of the same motive is incorrect. The motives must only be similar, not the same or identical. *Salerno*, 505 U.S. at 326 (Blackmun, J., concurring).

Even though Richardson may have used his cross-examination of Bauer for investigatory purposes, Richardson's motive to develop Bauer's testimony would have been similar to his motive to develop Bauer's testimony at trial. The distinction between the fact that Richardson was gathering unknown information at the preliminary hearing and, in contrast, he would be eliciting known information at trial has little significance when examining Richardson's motive. At the preliminary hearing and at trial, Richardson would possess a similar motive of challenging the State's evidence against him and discrediting Bauer's testimony. *Mantz*, 148 Idaho at 311, 222 P.3d at 479 (similar motive at preliminary hearing and trial to prove the defendant's innocence of the charges by discrediting the witness's testimony); *see also State v. Lopez*, 258 P.3d 458, 462 (N.M. 2011) (similar motive at preliminary hearing and trial to discredit the State's case and to argue that the evidence did not establish the defendant's guilt); *State v. Stano*, 159 P.3d 931, 945 (Kan. 2007) (defendant's motive at the preliminary hearing and at his trial

were similar: to prove his innocence by discrediting the witness); *State v. Mohamed*, 130 P.3d 401, 405–06 (Wash. Ct. App. 2006) (defendant had similar motive in regard to witness's credibility and reliability and defendant's claim that he would have questioned witness further on bias had he known the witness would be unavailable is speculation and "in hindsight"); *People v. Zapien*, 846 P.2d 704, 729 (Cal. 1993) (similar motive at preliminary hearing and trial to discredit the witness's testimony that established defendant's guilt). Richardson's questions at the preliminary hearing pertained to Bauer's ability to recall the events in question, his agreement with the State, his prior felony conviction, his drug addiction, and his relationship with Richardson. By asking these kinds of questions, Richardson's motive was to display Bauer as unreliable, dishonest, and biased, and also to weaken the State's case. Richardson would have had a similar motive when questioning Bauer at trial. Richardson would seek to probe into Bauer's motive to lie, his reliability, and his credibility as well as challenge the State's evidence against him. Although Richardson's motives at trial and at the preliminary hearing are not necessarily identical, they are similar and thus satisfy I.R.E. 804(b)(1).

The second and final issue is whether Richardson's cross-examination satisfies the requirement for "an adequate opportunity to prepare" in I.C. § 9-336. This issue turns on whether Richardson knew Bauer was the confidential informant prior to the preliminary hearing. Richardson submits that his lack of knowledge that Bauer was the confidential informant prior to the preliminary hearing denied him an adequate opportunity to prepare. The district court agreed with Richardson, finding that any claim by the State that Richardson knew Bauer was the confidential informant prior to the preliminary hearing was speculative. The State challenges the district court's finding on appeal.

The district court's factual finding must be supported by substantial and competent evidence. *See State v. Almaraz*, 154 Idaho 584, 593, 301 P.3d 242, 251 (2013) (requiring substantial evidence to support trial court's factual findings for ruling on motion to suppress). Here the evidence in the record does not support the district court's finding that Richardson did not know Bauer was the confidential informant. Richardson provided no evidence to support his claim that he did not know who was "CI11-L02." Upon seeing Bauer called to the witness stand to testify for the State at the preliminary hearing, Richardson did not ask the district court for more time to prepare or otherwise object for lack of discovery. Richardson did not offer a sworn statement, testimony, or other admissible evidence claiming that he did not know Bauer's

9

identity. The statements and oral argument submitted by Richardson's counsel after the preliminary hearing do not constitute evidence. *See Barcamerica Int'l USA Trust v. Tyfield Imps., Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002). Thus, there is simply no evidence in the record showing that Richardson did not know Bauer's identity as the confidential informant.

The only evidence in the record supports the opposite conclusion. Bauer testified that he told Richardson he was the confidential informant and that Richardson was not surprised to learn this information. Richardson provided no evidence to refute Bauer's testimony, such as an affidavit stating that he did not anticipate that Bauer was the confidential informant. In addition, Richardson was provided with the audio recordings of the controlled deliveries. Although the district court determined that "access to the recordings . . . does not identify the confidential informant" or provide Richardson with "enough information to investigate th[e] witness for purposes of cross-examination," there is no reason to believe that Richardson was unable to listen to those recordings and recall the other individual in the conversation with him. Richardson had several previous dealings with Bauer and knew him for twenty years. Hence, the evidence in the record shows that Richardson knew Bauer was the confidential informant or had the means to determine Bauer's identity as the confidential informant. This Court concludes that the district court's finding that Richardson did not know Bauer was the confidential informant was not supported by substantial and competent evidence.

This Court finds it necessary to clarify that these statutory protections in I.C. § 9-336 are for the defendant. The same goes for the constitutional right to confront witnesses: the defendant—not his attorney—has the right to be confronted with the witnesses against him. The attorney merely exercises the right of the defendant through his legal representation. In this case the evidence shows that Richardson knew or had the ability to know prior to the preliminary hearing that Bauer was the confidential informant. If Richardson failed to inform his attorney of this fact, Richardson cannot later claim that he was unable to adequately prepare simply because he failed to communicate with his counsel.

Without this factual finding, Richardson's claim that he was unable to adequately prepare for the cross-examination of Bauer falls apart. Richardson offers no basis for his cross-examination's insufficiency other than his assertion that he was unprepared to cross-examine Bauer at the preliminary hearing because he did not know Bauer would be a witness. We hold

that the district court erred in concluding that either I.R.E. 804(b)(1) or I.C. § 9-336 precluded the admission of a transcript of Bauer's preliminary hearing testimony into evidence at trial.

Based on the above reasons, this Court concludes that the district court erred by determining that a transcript of Bauer's preliminary hearing testimony was inadmissible. If Richardson finds additional information that would be relevant, he can bring a motion in limine before trial to exclude this evidence based on that additional information.

## VI. CONCLUSION

The district court's order on the State's motion in limine is reversed and the case is remanded for further proceedings consistent with this Opinion.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.