IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43586

| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 669 |
|---|---|---|
| Plaintiff-Respondent, | ) ) | Filed:  September 6, 2016 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| BERNADETTE NELSON, | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| Defendant-Appellant. | ) ) | BE CITED AS AUTHORITY |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County.  Hon. John K. Butler, District Judge.

Judgment of conviction for aggravated driving under the influence, affirmed; order denying motion in limine, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge

Bernadette Nelson appeals from her judgment of conviction for aggravated driving under the influence entered after her conditional guilty plea.  She challenges the district court's denial of her motion in limine.  For the reasons set forth below, we affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Nelson was driving on the interstate when she was involved in a two-vehicle crash. Paramedics transported Nelson to St. Luke's Magic Valley Hospital (St. Luke's) for medical treatment.  Upon her arrival at the hospital, a St. Luke's phlebotomist took several samples of Nelson's blood.  The first samples were taken for Idaho State Police (ISP) evidentiary purposes, and the other samples were taken for Nelson's medical treatment.  The ISP tested the blood taken

1

for their evidentiary purposes, which returned a blood alcohol concentration (BAC) result of 0.320. This test result was based upon an analysis of Nelson's blood serum. Based upon these results, the State charged Nelson with one count of aggravated driving under the influence, Idaho Code § 18-8006.

Nelson filed a motion to suppress the BAC test result obtained by the ISP on the basis that the blood samples were the result of a warrantless blood draw. The district court granted her motion to suppress those BAC results.[1] Then, prior to trial, the State disclosed Nelson's medical records from St. Luke's. In response, Nelson filed a motion in limine to exclude the BAC results from St. Luke's test of Nelson's blood serum. As stated by the district court, Nelson's sole basis for this motion was that the State could not show compliance with the administrative requirements for the testing of Nelson's blood. The district court denied the motion.

Nelson subsequently entered a conditional Idaho Criminal Rule 11 *Alford*[2] plea to one count of aggravated driving under the influence, preserving her right to challenge the district court's denial of the motion in limine. Nelson timely appeals.

## II.

## ANALYSIS

At issue in this appeal is whether the district court erred in denying Nelson's motion in limine to exclude her St. Luke's BAC test results at trial. We review decisions on a motion in limine for an abuse of discretion. *State v. Richardson*, 156 Idaho 524, 527, 328 P.3d 504, 507 (2014). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Here, Nelson motioned the district court to exclude the BAC test results on the basis that the test, performed by St. Luke's, did not comply with the requirements of I.C. § 18-8004(4) and Idaho Administrative Procedure Act 11.03.01 (IDAPA). Nelson specifically argued her BAC

---

[1]   In the same motion, Nelson moved to suppress statements she made while at the hospital on the grounds that she did not receive *Miranda* warnings. *See Miranda v. Arizona*, 384 U.S. 436 (1966). The district court denied Nelson's motion to suppress those statements.

[2]   *See North Carolina v. Alford*, 400 U.S. 25 (1970).

2

test results violated I.C. § 18-8004(4) because her tests were neither performed by a laboratory operated or approved by the ISP,[3] nor were her tests performed by a method approved by the ISP. Nelson argued that the tests could not have been performed pursuant to an approved method because St. Luke's performed the test on Nelson's blood serum and not her whole blood.

For the court to exclude evidence of the BAC test results, it was Nelson's burden to establish that the State could not lay a sufficient foundation for the admission of the test results. *State v. Haynes*, 159 Idaho 36, 43, 355 P.3d 1266, 1273 (2015). In response to Nelson's contention that the BAC test was improperly performed on blood serum instead of a whole blood sample, the district court stated that "while a blood alcohol test must be expressed in terms of whole blood, arrival at that expression may be based on a conversion factor from blood serum." The district court applied the correct legal standard in finding that it was not disqualifying for the BAC test to be performed on blood serum.

We have previously held that where there are no statutory or regulatory prohibitions against testing blood serum, it is acceptable for the State to convert a blood serum test result into an equivalent whole blood test result by use of a conversion factor. *See State v. Koch*, 115 Idaho 176, 179, 765 P.2d 687, 690 (Ct. App. 1988) (superseded by statute on other grounds as stated in *State v. Howell*, 122 Idaho 209, 211-12, 832 P.2d 1144, 1146-47 (Ct. App. 1992)). The applicable IDAPA provision, 11.03.01.13.03 states: "The results of analysis on blood for alcohol concentration shall be reported in units of grams of alcohol per one hundred (100) cubic centimeters of whole blood." This provision mandates only the unit of expression, not the required testing medium. There is no other statutory provision or administrative provision requiring the blood sample be comprised of whole blood.

When presented with a motion in limine, a trial court has the authority to deny the motion and wait until trial to determine if the evidence should or should not be excluded. *Haynes*, 159 Idaho at 43, 355 P.3d at 1273. Here, in denying Nelson's motion, the district court stated that the admissibility of the results would still be dependent on the State "being able to establish the requisite foundation for the admission of the BAC results." There is no error in this assertion. To admit the evidence of Nelson's BAC test results at trial, the State would bear the burden to show that the results are admissible. *See Haynes*, 159 Idaho at 45, 355 P.3d at 1275. The State

---

[3] The State concedes that St. Luke's is neither operated nor approved by the Idaho State Police.

would be required to show that the test was administered in conformance with applicable procedures. *Id.* Because Nelson pled guilty before the district court made any ruling regarding the admissibility of the test, Nelson did not preserve the issue of whether the test results were admissible for appellate consideration. *Id.* at 43, 355 P.3d at 1273.

Therefore, we conclude that the district court did not abuse its discretion in denying Nelson's motion in limine.

## III.

## CONCLUSION

Nelson failed to establish that her St. Luke's BAC test results, based on the analysis of her blood serum, were per se inadmissible. Therefore, the district court did not abuse its discretion in denying Nelson's motion in limine to exclude her BAC test results. Accordingly, we affirm Nelson's judgment of conviction for aggravated driving under the influence of alcohol.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.

4