**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 45635**

STATE OF IDAHO,                     )

            )

      **Plaintiff-Respondent,**     )   **Boise, June 2019 Term**

v.                          )

            )   **Filed: September 3, 2019**

GARY C. PARTEE,          )

            )   **Karel A. Lehrman, Clerk**

      **Defendant-Appellant.**     )

Appeal from the District Court of the Second Judicial District of the State of Idaho, Clearwater County. Gregory FitzMaurice, District Judge.

The judgment of conviction for delivery of methamphetamine is <u>vacated</u> and the order denying the motion in limine is <u>vacated and remanded</u>.

State Appellate Public Defender's Office, Boise, for appellant, Gary C. Partee. Maya P. Waldron argued.

Idaho Attorney General's Office, Boise, for respondent, State of Idaho. Ted Tollefson argued.

_____

STEGNER, Justice.

Gary C. Partee appeals from the judgment of conviction entered upon the jury verdict finding him guilty of delivery of methamphetamine, possession of methamphetamine with the intent to deliver, and possession of methamphetamine.[1] Before trial, Partee moved to exclude statements he made to law enforcement officers during an interview in which he admitted multiple deliveries of methamphetamine that were made as result of a confidential informant agreement. The district court denied his motion. Because we hold that the agreement was ambiguous, we vacate the portion of the judgment of conviction for delivery of methamphetamine and vacate the order denying the motion in limine. We further remand to the district court for proceedings consistent with this opinion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On November 29, 2016, the Orofino Police Department executed a search warrant to search Partee's home. Partee was arrested for various felony charges. The State charged Partee

_____

[1] Partee's appeal deals solely with his conviction of delivery of methamphetamine.

1

with possession of methamphetamine, possession of methamphetamine with the intent to deliver, and four misdemeanor charges in Case No. CR-2016-951 (the 2016 case).

On December 9, 2016, Partee entered into a "Confidential Informant/Testimonial Agreement" with the State. Partee agreed to do three things: First, he would debrief the State regarding drug activity and stolen property about which he had knowledge. Second, he would participate in at least twelve purchases of controlled substances. Third, he would testify truthfully for the State with regard to those purchases. In exchange, the State agreed to give Partee immunity for everything he disclosed in the debriefing, dismiss all charges except for the possession of methamphetamine, and not file additional charges. As for the remaining possession charge, the parties agreed they would enter into a binding plea agreement providing for a sentence of probation, with treatment for drug addiction and no additional jail time.

On the same day that he entered into the Agreement, Partee engaged in an interview with law enforcement officers. He told the officers about his participation and knowledge of the distribution of methamphetamine and admitted to selling methamphetamine at least fifty times during a six-month period. Partee was released from the Clearwater County Jail following his interview, in part due to his willingness to participate as a confidential informant.

However, after his release, Partee failed to maintain contact with the police and never completed any purchases of controlled substances as contemplated in the Agreement. As a result of Partee's apparent unwillingness to fulfill the terms of the Agreement, the State filed Case No. CR-2017-95 (the 2017 case) against Partee alleging that he possessed and delivered methamphetamine based on the statements he made during his December 9 interview. The State moved to consolidate the 2017 and 2016 cases because the charged offenses arose from the same circumstances.

Partee filed a motion to dismiss the delivery charge in the 2017 case, or, in the alternative, suppress statements made by him.[2] Partee argued the State violated the Agreement "by intending to utilize statements made by Mr. Partee against him to support the charge of Delivery of a Controlled Substance." Partee conceded that the State was no longer bound by the remainder of the Agreement, as that was contingent upon his participation in purchases of

---

[2] Defense counsel later conceded that dismissal was not the appropriate remedy. Although trial counsel and the district court commonly use the term suppression, the motion is better characterized as a motion in limine because Partee's claim is based on a confidential informant agreement and not a constitutional right. *State v. Green*, 158 Idaho 884, 892, 354 P.3d 446, 454 (2015), *abrogated on other grounds*, *State v. Clarke*, No. 45062, 2019 WL 2440210, at *4 (Idaho June 12, 2019), *reh'g denied* (Aug. 26, 2019).

controlled substances. Nevertheless, he maintained he had done everything that was required of him in the Agreement to prevent the State from using his statements at trial. Without Partee's admissions of multiple deliveries of methamphetamine, the State apparently could not prove the charge.

The district court held a hearing on the motion in limine and motion to consolidate. The district court denied Partee's motion to exclude his statements because it concluded the Agreement was unambiguous and Partee's failure to participate in the purchases of controlled substances relieved the State from any grant of immunity. In addition, the district court granted the State's motion to consolidate the two cases.

The case proceeded to trial. The jury found Partee guilty of delivery of methamphetamine, as well as possession of methamphetamine with the intent to deliver, and possession of methamphetamine. The district court sentenced Partee to five years with three years fixed for each count, with the sentences to run concurrently. The district court suspended the sentences and retained jurisdiction. Partee timely appealed requesting this Court vacate his judgment of conviction on the delivery charge and reverse the order denying his motion in limine. Partee also requests this Court vacate the order consolidating the 2016 and 2017 cases because defense counsel's opposition to the motion was contingent upon the outcome of the motion in limine.

## II.  STANDARD OF REVIEW

"Confidential informant agreements, like plea agreements, are generally governed by contract law principles . . . and both the prosecutor and the defendant are bound by their agreement." *State v. Chacon*, 146 Idaho 520, 522, 198 P.3d 749, 751 (Ct. App. 2008) (citations omitted). When the trial court's decision depends on the interpretation of an agreement between the defendant and the State, the standard of review is the same as in civil contract cases. *State v. Barnett*, 133 Idaho 231, 234, 985 P.2d 111, 114 (1999). Initially, courts must determine whether the contract is unambiguous, which is reviewed *de novo*. *Bakker v. Thunder Spring-Wareham, LLC*, 141 Idaho 185, 190, 108 P.3d 332, 337 (2005). When the language of a contract is unambiguous, its interpretation is a question of law. *Id.* "An unambiguous contract will be given its plain meaning. The purpose of interpreting a contract is to determine the intent of the contracting parties at the time the contract was entered. In determining the intent of the parties, this Court must view the contract as a whole." *Id.* "Where a contract is determined to be

ambiguous, interpretation of the contract is a question of fact that focuses on the intent of the parties." *State v. Hosey*, 134 Idaho 883, 886, 11 P.3d 1101, 1104 (2000).

## III.  ANALYSIS

**A.**  **The Agreement is ambiguous because it is unclear which type of immunity the parties intended.**

Section 1 of the Agreement outlined Partee's obligation to participate in an interview with law enforcement officers. The relevant language of Section 1 is as follows:

A. Suspect shall be provided immunity for everything he/she discloses in the context of such interview or interviews, other than disclosure of any crime of violence. . . .

B. This grant of immunity is *contingent solely* upon the Suspect being fully and completely honest. . . . Specifically, this grant of immunity shall fail should the Suspect provide false information whether or not that false information would be helpful or harmful to any investigation in which the State is involved, or should [t]he Suspect withhold material information being sought by the State. . . .

(Emphasis removed and italics added.)

Section 2 outlined Partee's obligation to initiate at least twelve purchases of controlled substances and to testify on behalf of the State. The relevant provisions in Section 2 state,

A. . . . The Suspect ***must perform***, i.e., must complete each and every promised purchase of controlled substances. Failure to do so for whatever reason shall be deemed a material breach of this agreement and relieve the State of any and all promises and obligations identified herein, including any and all grants of immunity. ***This agreement may not be satisfied by good faith efforts. Performance is mandatory!***

. . . .

D. . . . **It is expressly understood that a failure to testify, or to testify honestly and fully, whether such testimony is helpful or harmful to any case the State may bring, shall be deemed a breach of this agreement, relieving the State of any immunity or other obligation** [sic] **set forth herein.**

. . . .

G. A breach by [t]he Suspect of the terms and conditions of this agreement shall relieve the State of any of its obligations herein, allowing each jurisdiction entering into this agreement: to pursue any and all charges deemed appropriate; to be relieved of the promises contained herein; and to utilize any information by the Suspect against him regardless of a promise of immunity.

(Emphasis in original.)

4

Partee argued the inculpatory information he provided should not have been used against him because of the language of the Agreement. The district court rejected Partee's motion in limine and stated,

> The [c]ourt finds that the Confidential Informant Agreement between the State and Partee is unambiguous. In looking at the document as a whole, the agreement unambiguously states in paragraph 2 A. that Partee must perform and "[f]ailure to do so for whatever reason shall be deemed a material breach of this agreement and relieve the State of any and all promises and obligations identified herein, **including any and all grants of immunity.**["] *Emphasis added.* Partee admitted that he did not fully perform the requirements under the Agreement in paragraphs 2 and 3.

(Emphasis and italics in original)

On appeal, Partee argues that the district court erred in its interpretation of the Agreement because it failed to consider that Section 1 contained language inconsistent with the remainder of the Agreement. Partee contends that Sections 1 and 2 conflict with one another when read together. As such, the district court should have construed the Agreement to give effect to each immunity provision to the extent possible. Under Partee's interpretation, the State could not have used Partee's statements against him at trial because he complied with Section 1 of the Agreement by participating in the interview and answering questions honestly. The State argues that the district court did not err and that the Agreement is unambiguous. Thus, due to Partee's breach of the Agreement, the State was relieved of any obligation regarding immunity.

The crux of this matter involves the interpretation of the Agreement Partee entered into with the State. "When interpreting a contract, this Court begins with the document's language." *Potlatch Educ. Ass'n v. Potlatch Sch. Dist. No. 285*, 148 Idaho 630, 633, 226 P.3d 1277, 1280 (2010) (citing *Cristo Viene Pentecostal Church v. Paz*, 144 Idaho 304, 308, 160 P.3d 743, 747 (2007)). "In the absence of ambiguity, the document must be construed in its plain, ordinary and proper sense, according to the meaning derived from the plain wording of the instrument." *Id.* (quoting *C & G, Inc. v. Rule*, 135 Idaho 763, 765, 25 P.3d 76, 78 (2001)). A contract is ambiguous "when there are two different reasonable interpretations or the language is nonsensical." *Id.*

Here, the district court erred in determining that the Agreement was unambiguous. There are two relevant types of immunity, transactional immunity and use immunity. Transactional immunity is "[i]mmunity from prosecution for any event or transaction described in the

compelled testimony." *Black's Law Dictionary* (11th ed. 2019). Use immunity "prohibits the prosecutorial authorities from using the compelled testimony in *any* respect, and it therefore [e]nsures that the testimony cannot lead to the infliction of criminal penalties on the witness." *State v. Pratt*, 125 Idaho 546, 561, 873 P.2d 800, 815 (1993) (italics in original) (quoting *Kastigar v. United States*, 406 U.S. 441, 453 (1972)).

The Agreement mentions immunity several times; however, the term is never defined. Nor is there an acknowledgment of the different types of immunity. Section 1 refers to something akin to "use immunity." It prevented the prosecution from using statements Partee made during his interview "contingent solely upon the Suspect being fully and completely honest." In comparison, Section 2 granted Partee something akin to "transactional immunity." The prosecution agreed it would not charge or would dismiss certain charges against Partee in exchange for numerous purchases of controlled substances. The Agreement appears to contain both types of immunity. What is less clear is which type of immunity the State would be relieved from if Partee failed to comply with portions of the Agreement. Because the language used is imprecise and does not differentiate between use and transactional immunity (and appears to employ both), the Agreement is ambiguous.

Further, the structure and formatting of the Agreement creates additional ambiguity. Section 1 concerns only Partee's interview with law enforcement and contains no language about the State being relieved of its offer of immunity once it was granted to Partee. (It appears that Partee was afforded "use immunity" by being "fully and completely honest." Use immunity would not absolve Partee of his criminal behavior. Rather, the State would not be allowed to convict him of delivery of methamphetamine through the "use" of his statements. So long as the State had evidence of Partee's delivery of methamphetamine separate and distinct from his statements, he could still be convicted.) Section 2, however, contained separate obligations for Partee to engage in purchases of controlled substances. It is only in that section that there is any language regarding the State potentially being relieved of the obligation of its grant of immunity. Consequently, there is ambiguity in the Agreement as to whether the language contained in Section 2 would relieve the State from any immunity granted in Section 1.

**B. The district court is the factfinder for ambiguous confidential informant agreements.**

"Where a contract is determined to be ambiguous, interpretation of the contract is a question of fact that focuses on the intent of the parties." *Hosey*, 134 Idaho at 886, 11 P.3d at 1104. Therefore, the intention of the parties may only be determined by a trier of fact. *See Hoch v. Vance*, 155 Idaho 636, 639, 315 P.3d 824, 827 (2013) (interpreting an ambiguous deed but relying on general contract principles). We, therefore, must remand this case to the factfinder to engage in additional fact finding focusing on the intent of the parties. *Pullman-Standard v. Swint*, 456 U.S. 273, 291 (1982); *see also Pope v. Intermountain Gas Co.*, 103 Idaho 217, 225, 646 P.2d 988, 996 (1982) ("[T]he failure of the trial court to make findings of fact and conclusions of law concerning the material issues arising from the pleadings, upon which proof is offered, will necessitate . . . a remand for additional findings and conclusions, unless such findings and conclusions would not affect the judgment entered[.]").

Here, the district court is the appropriate factfinder. Generally, in a felony criminal case, the jury is the factfinder unless that role has been waived by the defendant in writing and the prosecutor consents. I.C.R. 23(a). However, there are circumstances that call for the district court to act as the factfinder. For example, motions to suppress require judges to engage in fact finding. *See*, *e.g.*, *State v. McCall*, 135 Idaho 885, 886, 26 P.3d 1222, 1223 (2001) ("[T]his Court will defer to the trial court's factual findings . . . ."); *see also* I.C.R. 12. In addition, judges have broad discretion in ruling upon motions in limine (which may be made pretrial or during trial). *State v. Richardson,* 156 Idaho 524, 527, 328 P.3d 504, 507 (2014). These may involve some factual determinations for the judge to reach a reasoned decision. *Id.* Therefore, we hold that in cases in which an ambiguity of a confidential informant agreement must be interpreted, the district court is the factfinder.

On remand to the district court, it is important to note the type of construction that should be used when it interprets the ambiguous Agreement.

> Where two clauses are inconsistent and conflicting, they should be construed so as to give effect to the intention of the parties as gathered from the whole contract. "Apparently conflicting provisions must be reconciled so as to give meaning to both, rather than nullifying any contractual provision, if reconciliation can be effected by any reasonable interpretation of the entire instrument." 17A C.J.S. Contracts § 324 (1999). Thus, where possible, a construction will be placed upon ambiguous or apparently inconsistent provisions of a contract as will give protection to both parties, as against a construction

7

which would only be in the interest of one of the parties to the contract. *Allen v. Ruby Co.*, 87 Idaho 1, 11, 389 P.2d 581, 587 (1964).

*Madrid v. Roth*, 134 Idaho 802, 806, 10 P.3d 751, 755 (Ct. App. 2000). "If the factfinder is unable to determine the intentions of the parties from the factual evidence, then the ambiguity should be resolved against the drafter of the contract as a last resort." *Kunz v. Nield, Inc.* 162 Idaho 432, 442, 398 P.3d 165, 175 (2017) (quoting *Sinclar Mktg., Inc. v. Siepert*, 107 Idaho 1000, 1005 n.5, 695 P.2d 385, 390 n.5 (1985)).

We conclude the district court erred in determining that the Agreement was unambiguous. Accordingly, we reverse its order denying the motion in limine and vacate the portion of the judgment of conviction for delivery of methamphetamine. We remand to the district court to engage in a factual interpretation of the Agreement using the guidance provided.

We do not reach the question of the motion to consolidate. As the motion to consolidate is intertwined with the exclusion of Partee's statement, we leave that to the district court on remand.

## IV. CONCLUSION

For the reasons set forth in this opinion, we vacate the judgment of conviction for delivery of methamphetamine and vacate the order denying the motion in limine and remand to the district court for proceedings consistent with this opinion.

Chief Justice BURDICK, Justices BRODY, BEVAN and MOELLER CONCUR.