**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47157**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 24, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| CODY RYAN BLAKE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Judgment of conviction for trafficking in methamphetamine, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Cody Ryan Blake appeals from his judgment of conviction for trafficking in methamphetamine, entered upon his conditional guilty plea. On appeal, Blake challenges the district court's denial of his motion in limine. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In October 2018, Blake was on felony probation and living with his father at his father's residence in Boise when officers conducted a compliance check. Blake's father gave the officers permission to search Blake's locked bedroom. In the bedroom, the officers discovered multiple baggies of methamphetamine weighing approximately 52.8 grams; a prescription bottle with Blake's name printed on it containing methamphetamine; a digital scale; and three smoking devices. As a result, the State charged Blake with trafficking in methamphetamine, I.C. § 37-

1

2732B(a)(4)(A), and possession of paraphernalia, I.C. § 37-2734A(1), with a persistent violator enhancement, I.C. § 19-2514.

After pleading not guilty, Blake filed a motion in limine seeking to admit into evidence at trial a letter purportedly written by Brandon Bankston. In the letter, Bankston asserts that in September 2018, he was staying at Blake's father's residence; Bankston was "abruptly asked to leave" the residence; he "left a felony amount of methamphetamine . . . stashed around the toys" "along with some paraphernalia" in the room in which he was staying; he was unable to return to the residence to retrieve the drugs; he later learned from his girlfriend that "his friend's son" had been "arrested for this controlled substance that was in the back bedroom"; and "Mr. Blake's son could [have] in no way shape or form actually possessed any knowledge of the substance being in the house because he had no access to the room it was found in nor did he have any knowledge or control of the substance found."

Although Bankston's letter is not dated, Blake's counsel received it in an envelope postmarked December 6. The envelope also identified Bankston's return address as the Ada County Jail. Additionally, Blake's counsel submitted an affidavit in support of Blake's motion in limine attesting that, according to Bankston's counsel, "Bankston is withdrawing his statement, Bankston will not be interviewed by agents of the defense or the state concerning this issue, and Bankston will not agree to testify in [Blake's] criminal case."

The State filed an objection to Blake's motion in limine, arguing Bankston's letter was hearsay and did not meet the requirements for admission under Idaho Rule of Evidence 804(b)(3). In support of its objection, the State made several unsupported factual assertions. At the hearing on the motion, Blake requested and was granted a continuance to reply to the State's objection. Thereafter, Blake challenged the State's unsupported factual allegations.

In response, the State filed a supplemental objection and the affidavits of three police officers. Officer Shofner attested that after Blake's arrest, Blake stated:

> I get it. It was in my room. I'm probably technically guilty of constructive possession because it was in a room that is alleged to be mine. And I don't doubt . . . I don't not [sic] admit that I was supposed to be in that room. . . . At the very least I might allegedly be . . . I guess guilty of constructive possession cause [sic] constructive possession is knowing it is there and not doing nothing about it.

Additionally, Officer Paporello attested that he interviewed Blake after his arrest and that Blake said "he had recently moved into the room where the methamphetamine was located"; Blake provided a list of four individuals who had access to the room or items in the room; but

2

Blake did not identify Bankston as one of those individuals. Finally, Deputy Brooks attested that he had reviewed the Ada County Jail "movement logs" which verify the housing assignments of inmates at the jail and that the logs for Blake and Bankston showed "the two inmates shared the same housing unit in Dorm 4 from December 2, 2018 to December 6, 2018."

At the continued hearing on Blake's motion in limine, Blake objected to the affidavits of Officers Shofner and Paporello but not to Deputy Brooks's affidavit. The court overruled Blake's objection, stating "a motion can be supported by an affidavit. So I think affidavits can be considered in response to a motion." Also, Blake briefly testified he lived at his father's residence until early August when he moved out and then moved back into the residence "approximately around October 21st, 22nd." At the conclusion of the hearing, the court ruled on the motion in limine. The court assumed Bankston was unavailable to testify, found his letter to be a statement against his interest, but concluded "corroborating circumstances" did not "clearly indicate [the letter's] trustworthiness" as required by Rule 804(b)(3)(B). Accordingly, the court denied Blake's motion to admit Bankston's letter at trial.

Blake entered a conditional *Alford*[1] plea to trafficking in methamphetamine, and the State dismissed the remaining charge and the penalty enhancement. Blake reserved his right to appeal the district court's denial of his motion in limine and timely appeals.

## II.

## STANDARD OF REVIEW

Trial courts have broad discretion when ruling on a motion in limine. *State v. Richardson*, 156 Idaho 524, 527, 328 P.3d 504, 507 (2014). Accordingly, we review the trial court's decision to grant or deny a motion in limine for an abuse of discretion. *Id.* In reviewing a trial court's discretionary decision on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

Reaching a reasoned decision on a motion in limine may require the trial court to make factual determinations. *State v. Partee*, 165 Idaho 511, 516, 448 P.3d 316, 312 (2019). "Where factual issues are involved in determining a motion, the trial court must state its essential findings on the record." Idaho Criminal Rule 12(e). This Court will not disturb a trial court's findings regarding whether the requirements of Rule 804 have been satisfied unless those findings are clearly erroneous. *State v. Perry*, 144 Idaho 266, 269, 159 P.3d 903, 906 (Ct. App. 2007). Factual findings are clearly erroneous if not supported by substantial and competent evidence. *Id.*

## III.

## ANALYSIS

Blake argues the district court abused its discretion by denying his motion in limine to admit hearsay under Rule 804(b)(3)'s exception to the rule against hearsay. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. I.R.E. 801(c). Generally, hearsay is not admissible unless it falls under an exception in the Idaho Rules of Evidence or another rule formulated by the Idaho Supreme Court. I.R.E. 802. Rule 804 provides such an exception when the declarant is unavailable as a witness and when other requirements are met. Rule 804(b)(3)--which is at issue in this case--provides a statement against a declarant's interest is admissible if the statement is one that:

> (A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and
> (B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

I.R.E. 804(b)(3). Accordingly, for a hearsay statement to be admissible under Rule 804(b)(3), the declarant must be unavailable; the declarant must have made the statement against his interest; and corroborating circumstances must clearly indicate the statement's trustworthiness.

Because the district court in this case assumed Bankston was unavailable to testify and concluded his letter was a statement against his interest, these requirements under Rule 804(b)(3) are not at issue. Rather, Blake challenges the court's conclusion that corroborating circumstances did not clearly indicate the trustworthiness of Bankston's letter under

4

Rule 804(b)(3)(B). In reaching this conclusion, the district court relied on the Idaho Supreme Court's decision in *State v. Meister*, 148 Idaho 236, 220 P.3d 1055 (2009), which adopted a seven-factor test for analyzing the corroboration requirement in Rule 804(b)(3)(B).[2] Those factors are:

> (1) whether the declarant is unavailable; (2) whether the statement is against the declarant's interest;[3] (3) whether corroborating circumstances exist which clearly indicate the trustworthiness of the exculpatory statement, taking into account contradictory evidence, the relationship between the declarant and the listener, and the relationship between the declarant and the defendant; (4) whether the declarant has issued the statement multiple times; (5) whether a significant amount of time has passed between the incident and the statement; (6) whether the declarant will benefit from making the statement; and (7) whether the psychological and physical surroundings could affect the statement.

*Meister*, 148 Idaho at 242 n.7, 220 P.3d at 1061 n.7. When addressing these factors to ensure the hearsay statement has met the corroboration requirement in Rule 804(b)(3)(B), the trial court's inquiry should be limited to determining "whether the evidence in the record corroborating and contradicting the declarant's statement would permit a reasonable person to believe that the statement could be true." *Meister*, 148 Idaho at 242, 220 P.3d at 1061 (italics omitted).

On appeal, Blake challenges the district court's findings under the *Meister* factors and also criticizes the court for "speculating." Specifically, Blake argues that Bankston's letter "was not vague at all"; Blake "may have forgotten to mention [Bankston's] name when he talked about people who had access to the room"; the Ada County Jail movement logs did not prove Blake and Bankston were "cellmates"; counsel advised Bankston not to repeat the statement so the fact that Bankston "did not confess again is completely reasonable"; "[t]here was no proof

---

[2] The decision in *State v. Meister*, 148 Idaho 236, 220 P.3d 1055 (2009), addresses a prior version of Idaho Rule of Evidence 804(b)(3). In 2018, the Idaho Supreme Court amended Rule 804(b)(3) to "simplify, clarify and modernize the language." *See* Order of the Idaho Supreme Court, In Re: Adoption of Newly Formatted Idaho Rules of Evidence (Mar. 26, 2018) (adopting amended Idaho Rules of Evidence). The revised version of Rule 804(b)(3) remains substantively the same as the version the *Meister* decision addresses.

[3] The first two factors are duplicative of the language in Rule 804(b)(3). Additionally, the Idaho Supreme Court in *State v. Robins*, 164 Idaho 425, 431 P.3d 260 (2018), has articulated an expanded analysis for evaluating whether a statement is self-inculpatory or against a declarant's interest under Rule 804(b)(3)(A). *See Robins*, 164 Idaho at 439, 431 P.3d at 274 ("[A]pplication of Idaho Rule of Evidence 804(b)(3) requires the court to consider each statement included in a broader narrative to determine whether it is in fact genuinely self-inculpatory against the declarant.").

[Bankston] could benefit from writing the letter"; and "there was no proof [Blake] engaged in any sort of coercion or was able to pressure [Bankston] to write the letter."

We disagree with Blake's argument that the evidence corroborates Bankston's statements in his letter for several reasons. First, contrary to Blake's argument that Bankston's letter is "not vague," the letter lacks important foundational details. For example, the letter only identifies generally when Bankston left the residence and does not provide the exact date he left, leaving unanswered the question of how long the drugs were in Bankston's room before Blake returned to his father's residence. Further, the letter does not describe the location of the room in which Bankston stayed at the residence to establish that the room indeed was the same room Blake occupied. The letter does not specifically name any individuals but rather refers to Bankston as "staying [with] a friend" and learning from his unnamed "girlfriend" that his "friend's son" was arrested. Finally, the letter does not specifically describe the paraphernalia, the drugs, or where they were hidden in the room; rather, it only refers to a "felony amount of methamphetamine" "stashed around the toys." The absence of these details calls into question the trustworthiness of Bankston's statements.

Second, assuming Bankston's claim is true that he was not staying at the residence when law enforcement discovered the methamphetamine, then many of the statements in his letter contain information necessarily beyond his personal knowledge. For example, if Bankston was no longer staying at the residence, then he could not have personally known that the drugs were found "in the back bedroom" or that "his friend's son" had "zero knowledge of [the drug's] existence," "had no access to the room" in which the drugs were found, and "did not have any knowledge [or] control" of the drugs. Also, Blake's failure to identify Bankston as an individual who had access to Blake's room further undermines Bankston's suggestion that he has personal knowledge of where the drugs were located and whether Blake had knowledge of, access to, and control of the drugs.

Third, Bankston's psychological and physical surroundings--including that Bankston and Blake were incarcerated together--could have affected the trustworthiness of Bankston's statements in his letter. As Deputy Brooks's affidavit established, Bankston and Blake were incarcerated in the Ada County Jail and resided in the same housing unit from December 2 until December 6. Importantly, December 6 is the same date Bankston mailed his letter to Blake's counsel. Blake did not object to Deputy Brooks's affidavit below, and Blake's assertion that the

6

district court "speculated" about Bankston and Blake's relationship when calling them "cellmates" does not render the court's findings erroneous. The evidence shows a likely relationship between Blake and Bankston based both on Bankston's description of Blake as "his friend's son" and on Blake and Bankston's incarceration together on the same date that Bankston mailed his letter to Blake's counsel. Accordingly, we agree with the district court that Bankston's psychological and physical surroundings and his relationship to Blake impact the trustworthiness of Bankston's letter.

On balance, the evidence does not corroborate Bankston's hearsay statements. *See Meister*, 148 Idaho at 240, 220 P.3d at 1059 (indicating analysis under Rule 804(b)(3)(B) of seven factors is a balancing test). Rather, the evidence supports the conclusion that a reasonable person would not believe Bankston's statements to be true. *Id.* at 242, 220 P.3d at 1061 (noting inquiry is "whether the evidence in the record corroborating and contradicting the declarant's statement would permit a reasonable person to believe that the statement could be true" (italics omitted)). The absence of direct proof, as Blake notes, that Bankston did not benefit from writing the letter and Blake did not coerce or pressure Bankston to write the letter does not in any way undermine this conclusion. Blake had the burden under Rule 804(b)(3)(B) to show corroborating circumstances clearly indicated the trustworthiness of Bankston's statements but failed to meet that burden. *See State v. Fair*, 156 Idaho 431, 434, 327 P.3d 989, 992 (Ct. App. 2014) (noting proponent of hearsay evidence bears burden of providing requirement under Rule 804(b)(3)).

Moreover, we note Bankston's letter contains several statements that are not against his interests but rather pander to Blake's defense including, for example, Bankston's speculation that Blake neither knew about nor had access to the drugs discovered in his father's residence. Such statements are inadmissible for failing to meet the requirement under Rule 804(b)(3)(A) that each statement in the letter must be against Bankston's interest. *See State v. Robins*, 164 Idaho 425, 439, 431 P.3d 260, 274 (2018) (concluding Rule 804(b)(3) "requires the court to consider each statement included in a broader narrative to determine whether it is in fact genuinely self-inculpatory against the declarant").

We hold that the district court did not abuse its discretion by denying Blake's motion in limine to admit Bankston's letter at trial. Substantial and competent evidence supports the district court's findings that the letter's trustworthiness is not clearly indicated by corroborating

evidence. As a result, the letter does not meet the requirements of Rule 804(b)(3)(B) for the admission of hearsay evidence.

## IV.
## CONCLUSION

Blake fails to show the district court abused its discretion when denying his motion in limine. Accordingly, we affirm Blake's judgment of conviction for trafficking in methamphetamine.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.